FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

HARRY HUMPHRIES,
*Defendant-Appellant*.

No. 11-50383

D.C. No.
2:10-cr-01106-
JFW-3

OPINION

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted
May 8, 2013—Pasadena, California

Filed August 29, 2013

Before: Harry Pregerson and Raymond C. Fisher, Circuit
Judges, and Wiley Y. Daniel, District Judge.*

Opinion by Judge Fisher

---

*The Honorable Wiley Y. Daniel, Senior United States District Judge
for the District of Colorado, sitting by designation.

## SUMMARY[**]

### Criminal Law

Affirming a conviction for illegally storing hazardous wastes without a permit in violation of the Resource Conservation and Recovery Act, the panel held that the district court properly instructed the jury that, for purposes of RCRA, "disposal" of hazardous waste begins not with an individual's subjective decision to dispose but with an act of disposal.

### COUNSEL

Gary P. Burcham, Burcham & Zugman, San Diego, California, for Defendant-Appellant.

André Birotte, Jr., United States Attorney, Robert E. Dugdale, Assistant United States Attorney, Chief, Criminal Division, and Dennis Mitchell (argued), Assistant United States Attorney, Los Angeles, California, for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

FISHER, Circuit Judge:

Harry Humphries was convicted by jury trial of one count of illegally storing hazardous wastes without a permit in violation of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6928(d)(2). Humphries appeals his conviction, arguing that the district court improperly instructed the jury about the distinction between "storage" and "disposal" of hazardous waste in response to a jury inquiry. We hold that the district court properly instructed the jury that, for purposes of RCRA, "disposal" of hazardous waste begins not with an individual's subjective decision to dispose but with an act of disposal. We therefore affirm Humphries' conviction.[1]

## BACKGROUND

Starting in the early 1990s, Humphries was part-owner of a company that manufactured and blended chemicals. The company's manufacturing processes produced used toluene and excess methanol. The company stored the used toluene and excess methanol at its facility, which was located in a building it rented from a third-party owner.

In late 2005, the owner sold the building, forcing Humphries' company to shut down and move out. Chemicals that had been stored on-site, including the used toluene and excess methanol, were eventually removed from the facility

---

[1] We address Humphries' remaining arguments in a concurrently filed memorandum disposition.

in early 2006 by EnviroClean, a permitted hazardous waste disposal company.

In 2010, Humphries was indicted on one count of knowingly storing hazardous wastes – the used toluene and excess methanol – without a permit between September 30, 2005, and December 6, 2005, in violation of RCRA, 42 U.S.C. § 6928. Humphries' primary defense at trial was that he was not required to obtain a permit for the storage of used toluene and excess methanol because he reused or sold those materials rather than simply storing them. As relevant here, he also argued that he was not liable for storing the materials during the wind-down period because he had decided to have them removed by EnviroClean.

During jury deliberations, the jury sent an inquiry about jury instruction number 25. Jury instruction number 25 provided RCRA's statutory definition of storage, 42 U.S.C. § 6903(33). It read:

> The term "storage," when used in connection with hazardous waste[,] means the containment of hazardous waste, either on a temporary basis or for a period of years, in such a manner as not to constitute disposal of such hazardous waste.

The jury asked the court the following question:

> As relates to instruction #25: Please interpret the phrase "in such a manner as not to constitute disposal of such hazardous waste." When does disposal begin? With the act of disposal or with the decision to dispose[?]

The district court initially responded to the jury's question by providing the jury with the statutory definition of disposal under RCRA, 42 U.S.C. § 6903(3), stating:

> The term "disposal" means the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste . . . into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters.

Shortly thereafter, the district concluded that its initial response, although helpful, did not fully answer the jury's question. The court therefore provided the following supplemental response, over Humphries' objection:

> In further response to your question, the Court provides the following: Disposal begins with the act of disposal not with the decision to dispose.

About 90 minutes later, the jury returned a verdict of guilty.

## STANDARD OF REVIEW

We review for an abuse of discretion a district court's response to a jury inquiry, but we review de novo whether the district court's response correctly states the law or violates due process. *See United States v. Verduzco*, 373 F.3d 1022, 1030 n.3 (9th Cir. 2004). We review matters of statutory interpretation de novo. *See United States v. Havelock*, 664 F.3d 1284, 1289 (9th Cir. 2012) (en banc).

## DISCUSSION

Humphries argues that the district court's initial response was correct and that its supplemental response was improper.

First, Humphries argues that the supplemental response was legally incorrect.  He relies on RCRA's statutory definition of storage as: "the containment of hazardous waste, either on a temporary basis or for a period of years, *in such a manner as not to constitute disposal* of such hazardous waste."  42 U.S.C. § 6903(33) (emphasis added).  Under the statute, "disposal" and "storage" are mutually exclusive: a person cannot be convicted of storing waste once the person has disposed of it.  Seizing on this distinction, Humphries argues that he had disposed of the waste, even as it remained on his premises, because he had made the "decision to dispose" of it.  He argues that, because he had disposed of the waste, he could not have been convicted of storing it.[2]  The district court's supplemental response negated this defense by instructing the jury that disposal, under RCRA, means the act of disposal rather than the decision to dispose.  Humphries argues that the district court misinterpreted the statute.  He maintains that "disposal," as defined by RCRA, refers to the decision to dispose, not merely to acts of disposal.  In support of this argument, he cites an Environmental Protection Agency (EPA) rule stating that unused military munitions become "solid waste" under RCRA when they become "discarded material," which occurs "when an intent to discard the material is demonstrated."  Military Munitions Rule, 62 Fed. Reg. 6622, 6626 (Feb. 12, 1997).

---

[2] Disposal of hazardous waste without a permit, like storage of such waste without a permit, can violate RCRA.  *See* 42 U.S.C. § 6928(d)(2). Humphries, however, was charged solely with unlawful storage.

Second, Humphries argues that the district court's supplemental response effectively directed the jury to find, as a factual matter, that he "stored" the used toluene and methanol until EnviroClean removed them from the premises in January or February 2006. He argues that it directed the jury to reject his defense that he was not knowingly "storing" toluene and methanol from September to December 2005 for purposes of RCRA because he had already decided to wind down business arrangements and was preparing the materials for removal and waiting for them to be picked up. In other words, he was not knowingly "storing" the materials during that time because he had made the decision to have them removed, and the supplemental response to the jury precluded such a finding.

## A.

We begin by addressing Humphries' argument that the district court's supplemental response misstated the law by informing the jury that disposal begins with the act of disposal rather than the decision to dispose. We hold that the district court's interpretation of the word "disposal," as used in 42 U.S.C. § 6903(3) and (33), was correct, and thus that the district court properly stated the law.

"Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341. "Our inquiry must cease if the statutory language is unambiguous and 'the statutory scheme is

coherent and consistent.'" *Id.* at 340 (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989)).

Here, the meaning of "disposal" under RCRA has a plain and unambiguous meaning. The statute defines disposal as "the *discharge, deposit, injection, dumping, spilling, leaking, or placing* of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." 42 U.S.C. § 6903(3) (emphasis added). Disposal under the statute thus unambiguously refers to the *act* of discharging, depositing, injecting, dumping, leaking or placing. Humphries' suggested interpretation, under which disposal refers to the decision to undertake one of these actions, finds no support in the language of the statute.

Humphries' suggested definition would also blur the statutory distinction between storage and disposal. As noted earlier, under RCRA the "term 'storage', when used in connection with hazardous waste, means the containment of hazardous waste, either on a temporary basis or for a period of years, *in such a manner as not to constitute disposal* of such hazardous waste." 42 U.S.C. § 6903(33) (emphasis added). Under Humphries' interpretation, one could retain hazardous waste for 25 years and claim that he is not storing the waste because he has been intending to dispose of it the entire time. RCRA's prohibition on storing hazardous waste would have no practical meaning if a defendant could claim that he was intending to dispose of it at some future date.

The only authority Humphries cites – the EPA regulation regarding munitions manufacturing – is inapposite because, as the government points out, that regulation reflects the

EPA's effort to *expand* liability for disposal of munitions. Invoking that authority to *avoid* liability for storage of hazardous waste is inconsistent with RCRA's purpose, which is "to subject hazardous waste to 'cradle-to-grave' regulation in order to protect public health and the environment." *Am. Chemistry Council v. EPA*, 337 F.3d 1060, 1065 (D.C. Cir. 2003).

In sum, we hold that "disposal," as that term is used in § 6903(3) and (33), plainly and unambiguously refers to the *acts* of discharging, depositing, injecting, dumping, spilling, leaking or placing, not the decision to take those actions at a future time. Because the district court's supplemental response to the jury's question properly stated the law, the court's response was neither legally erroneous nor an abuse of discretion.

**B.**

We next address Humphries' argument that the district court's supplemental response "invaded the role of the jury by effectively directing an adverse finding as to the storage element."

Humphries' argument, although somewhat hard to follow, goes something like this. In 2005, when the owner unexpectedly decided to sell the building in which Humphries' company operated, the company was forced to wind down operations. Humphries acted as quickly as possible to arrange for and have the toluene and methanol wastes removed (by EnviroClean), but this process took several months because of short notice and a lack of company resources. Because Humphries acted as quickly as he could to have the waste properly removed, "there was no criminal

intent in keeping the toluene and methanol mixtures for this period because the unexpected and complicated procedure of shutting down . . . made it impossible for the company to complete this process any faster." Given the lack of "criminal intent," he could not have been guilty of unlawful "storage" under 42 U.S.C. §§ 6903(33) and 6928(d)(2). He contends that the district court's supplemental response to the jury improperly precluded the jury from accepting this defense. We disagree.

Section 6928(d)(2) applies to a "person who . . . *knowingly* . . . stores . . . hazardous waste . . . without a permit." 42 U.S.C. § 6928(d)(2) (emphasis added). To the extent that Humphries argues that he could not have *knowingly* stored the waste because he was making his best efforts to have it lawfully removed, the district court's supplemental response did nothing to preclude the jury from accepting that defense.[3] The court's response instructed the jury only that Humphries had not *disposed* of the waste, as that term is defined by § 6903(3) and used in § 6903(33). The court's instruction did not preclude the jury from finding that Humphries could not have formed the requisite mental state of knowing storage because he had decided to remove the waste.

District courts have wide discretion in crafting jury instructions, and "[t]his 'wide discretion' carries over to a trial judge's response to a question from the jury." *Arizona v. Johnson*, 351 F.3d 988, 994 (9th Cir. 2003). The district

---

[3] We express no opinion as to whether this was a viable legal defense. Assuming for the sake of argument that it could be a legal defense, we hold only that nothing in the district court's response to the jury precluded the jury from accepting it.

court's response was a correct statement of the law and was unlikely to confuse or mislead the jury. That the court's legally accurate instruction may have influenced the jury to reject Humphries' defense does not show that the district court committed instructional error; rather, it shows that Humphries' defense was not persuasive to the jury. We hold that the district court did not abuse its discretion in instructing the jury regarding the definition of "disposal."

**AFFIRMED.**