**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ROBERT ROACH,
*Defendant-Appellant*.

No. 14-50260

D.C. No.
2:12-cr-00165-PSG2

OPINION

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted
June 3, 2015—Pasadena, California

Filed July 8, 2015

Before: Sidney R. Thomas, Chief Judge, Consuelo M.
Callahan, Circuit Judge, and Edward R. Korman, District
Judge.[*]

Opinion by Judge Korman

---

[*] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

## SUMMARY[**]

## Criminal Law

The panel affirmed a conviction for storing and causing the storage of hazardous waste without a permit in violation of the Resource Conservation and Recovery Act, 42 U.S.C. § 6928(d)(2)(A), in a case in which the defendant argued that the statutory definition of "storage" expressly excludes acts constituting "disposal" of hazardous waste, and that he was guilty of disposal and therefore not of storage.

The panel held that even accepting the defendant's argument based on the technical definitions of "storage" and "disposal," the defendant was clearly engaged in storing hazardous waste in sealed and intact containers left in his former electroplating facility. The panel therefore did not need to resolve the issue whether, if he had been so charged, the defendant could not have been found guilty of both storage and disposal of containers that were leaking.

The panel rejected the defendant's alternative argument that he could not be guilty of storage because he disposed of all of the containers left in the former facility by "abandoning" them in the building in which they were stored. The panel explained that while the defendant may have abandoned the premises in which the containers were stored, the containers were not abandoned, and he is liable as a principal for "causing the storage of waste" under 18 U.S.C. § 2(b).

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Lawrence Jay Litman (argued), Los Angeles, California, for Defendant-Appellant.

Stephanie Yonekura, Acting United States Attorney, Robert E. Dugdale, Assistant United States Attorney and Chief, Criminal Division, and Heather C. Gorman (argued) and Dennis Mitchell, Assistant United States Attorneys, Environmental Crimes Section, United States Department of Justice, Los Angeles, California, for Plaintiff-Appellee.

## OPINION

KORMAN, District Judge:

After a bench trial, Robert Roach was convicted of one count of storing and causing the storage of hazardous waste without a permit in violation of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6928(d)(2)(A). On this appeal, Roach argues that the statutory definition of "storage" expressly excludes acts constituting "disposal" of hazardous waste, and that he was guilty of disposal and therefore not of storage. Our review of the record persuades us that Roach was guilty of storing hazardous waste and that he was properly convicted of that offense.

## BACKGROUND

### 1. Roach's Business

All Metals Processing Company ("AMP") was an electroplating business located in Burbank, California, for

which Roach served as an owner, officer, and director. In those capacities, Roach was involved in hazardous waste management. The AMP facility, which was located in a building at 264 West Spazier Avenue, included a "drum storage area" containing hundreds of receptacles filled with potentially hazardous substances. From 1990 through 2007, however, AMP did not have a permit to store hazardous waste.

On January 18, 2007, the executor of the Estate of Helen L. Powers ("Powers Estate")—the successor in interest to AMP's landlord—filed an unlawful detainer action against AMP on the basis of the company's failure to pay rent. In February 2007, the parties lodged a stipulated judgment in favor of the Powers Estate in which AMP agreed to vacate, "remove toxic material from," and clean up the premises by March 16, 2007. AMP was evicted on March 20, 2007. A large number of barrels containing hazardous waste, some of which were corroded and others of which were "sealed and did not appear to be leaking," were left behind. Although the Powers Estate granted AMP permission to hire a hazardous waste transport company to enter the property and remove the waste, AMP did not do so, purportedly because of cost.

## 2. Inspections and Sampling

In June 2007, nearly three months after the eviction, the former AMP facility was inspected by a Hazardous Materials Specialist with the Los Angeles County Fire Department, and, later, a contractor for the U.S. Environmental Protection Agency ("EPA"). The investigators testified that they found numerous receptacles containing waste, and also observed that some (but not all) of the containers were leaking. Samples collected from substances within closed receptacles

were found to contain hazardous concentrations of chemicals that had the substantial potential to be harmful to humans and to the environment. The EPA ultimately emptied and demolished the building.

### 3. Indictment, Conviction and Sentencing

On February 23, 2012, a grand jury returned a single-count indictment charging Roach and one co-defendant with storing and causing the storage of hazardous waste without a permit from the EPA or the California Department of Toxic Substances, in violation of the RCRA, 42 U.S.C. § 6928(d)(2)(A). The unlawful act was alleged to have occurred in the former AMP facility from June 16, 2007, to at least June 27, 2007—three months after the eviction.

On June 2, 2014, the district judge found Roach guilty. The record does not indicate that the judge made any specific findings of fact, either in open court or in a written opinion. Such findings are, however, only required where requested by the parties, Fed. R. Crim. P. 23(c), which does not appear to be the case here. Roach was sentenced principally to a term of imprisonment of a year and a day.

### STANDARD OF REVIEW

Challenges to the sufficiency of evidence, including questions of statutory interpretation, are reviewed de novo. *United States v. Garcia*, 768 F.3d 822, 827 (9th Cir. 2014) (citing *United States v. Wright*, 625 F.3d 583, 590 (9th Cir. 2010)). "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

*United States v. Duran*, 189 F.3d 1071, 1078 (9th Cir. 1999) (citation omitted). This standard applies to both bench and jury trials. *United States v. Spears*, 631 F.2d 114, 117 (9th Cir. 1980) (citation omitted).

## DISCUSSION

### 1. Statutory Definitions

Roach was accused of violating 42 U.S.C. § 6928(d)(2)(A), which imposes criminal liability on an individual who "knowingly . . . stores . . . any hazardous waste . . . without a permit," and 18 U.S.C. § 2(b), which provides that "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." Under the RCRA, "storage" of hazardous waste is defined as "the containment of hazardous waste, either on a temporary basis or for a period of years, in such a manner as not to constitute disposal of such hazardous waste." 42 U.S.C. § 6903(33). "Disposal," in turn, refers to the "discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters . . . ." *Id.* § 6903(3).

### 2. Roach's Argument on Appeal

The evidence at trial established beyond a reasonable doubt that, as a factual matter, Roach knowingly stored hazardous waste in the former AMP facility without a permit to do so. Indeed, Roach conceded as much in a joint

stipulation at trial, and again at oral argument on appeal. Nevertheless, he argues that he cannot be found guilty of unlawfully storing hazardous waste, because the RCRA defines "storage" as "containment of hazardous waste . . . *in such a manner as not to constitute disposal of such hazardous waste*," and the evidence at trial established that there was extensive leaking and leeching of waste in the former AMP building.

Roach's argument rests primarily on *United States v. Humphries*, which held that a defendant's intent to eventually dispose of hazardous materials does not immunize him from conviction for unlawfully storing the waste in the meanwhile. 728 F.3d 1028, 1031–32 (9th Cir. 2013). In the course of its opinion, resolving an entirely different issue than that presented here, the panel noted that, "[u]nder the [RCRA], 'disposal' and 'storage' are mutually exclusive: a person cannot be convicted of storing waste once the person has disposed of it." *Id.* at 1031. Roach acknowledges, however, that his conviction was based solely on the hazardous waste contained in five containers that were sealed and were not leaking. *Humphries*'s common-sense observation that "a person cannot be convicted of storing waste once the person has disposed of it," *id.*, does not provide a basis for a defense where, as here, waste from certain barrels leaked onto the ground while waste in other barrels, on which the defendant's conviction rests, remained completely contained. Even accepting Roach's argument based on the technical definitions of "storage" and "disposal" contained in the RCRA, he was clearly engaged in storing hazardous waste in the sealed and intact containers left in the premises located at 264 West Spazier Avenue. Thus, it is not necessary for us to resolve the issue whether, if he had been so charged, Roach

could not have been found guilty of both storage and disposal of the containers that were leaking.

Roach argues alternatively that he disposed of *all* of the containers left in the former AMP facility—even those that were sealed and intact—by "abandoning" them in the building in which they were stored. This argument is premised on the statutory language defining "disposal" as the "placing" of waste on the land such that it "may enter the environment." 42 U.S.C. § 6903(3). Even though the containers were sealed and stored inside a building, Roach argues that they posed a "potential danger[]" of entering the environment when left in "an abandoned and unsupervised hazardous waste site." Specifically, "containers of flammable, oxidizing and reactive chemicals . . . if stored too long, may deteriorate and cause a spill which could result in a fire or explosion." Roach also observed that "[a]rson is common at abandoned waste sites and a large fire could expose downwind populations to toxic smoke and particles."

This argument is without merit. While Roach may have abandoned the premises in which the containers were stored, the *containers* were not abandoned. They continued to be stored in the same building in which they had always been housed, which was owned and overseen by the Powers Estate. This was not "an abandoned and unsupervised hazardous waste site." Indeed, Roach violated the express terms of the stipulated judgment requiring AMP to "remove toxic material from" the building by March 16, 2007. Roach's "abandonment," in effect, merely transferred custody of the storage containers to his former landlord.

Roach is therefore liable as a principal under 18 U.S.C. § 2(b), which "is based on the precept that an individual with

the requisite criminal intent may be held liable as a principal if he is a cause in fact in the commission of a crime, notwithstanding that the proscribed conduct is achieved through the actions of innocent intermediaries." *United States v. Margiotta*, 688 F.2d 108, 131 (2d Cir. 1982), *abrogated on other grounds by McNally v. United States*, 483 U.S. 350 (1987) (citations omitted); *accord United States v. Causey*, 835 F.2d 1289, 1292 (9th Cir. 1987). The indictment in this case specifically charged Roach with "causing the storage of waste" under 18 U.S.C. § 2(b), and he is clearly guilty of that offense.

There is another reason why Roach's abandonment theory fails. Roach conceded at oral argument that he was guilty of storage before he abandoned the premises—and before the start of the time period charged in the indictment—but argues that the act of abandonment transformed his behavior from storage to disposal. This theory is premised on the notion that waste left within an abandoned site is more likely to "enter the environment." *See* 42 U.S.C. § 6903(3). Roach's theory proves too much. Passing over the fact that the building in which the containers were stored was not an abandoned site, the risk, if any, that the hazardous waste in the sealed containers would enter the environment as a result of arson, vandalism, or deterioration existed well before Roach's eviction. If "may enter the environment" bears the weight that Roach would give it, then "storage"—which, as Roach repeatedly emphasizes, is defined to exclude any action that constitutes disposal—would be stripped of all effect. This cannot possibly have been the intent of Congress.

**AFFIRMED.**