**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30341 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00074-JCC-1 |
| v. | |
| NATHAN BONDS, AKA Slim, | MEMORANDUM [*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted March 8, 2017[**]
Seattle, Washington

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Nathan Bonds appeals his convictions for sex trafficking of a juvenile under

18 U.S.C. § 1591(a)(1) and (b)(2) and transportation of a minor with intent to engage

in criminal sexual activity under 18 U.S.C. § 2423(a).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The only issue on appeal that Bonds preserved through an objection below involves the district court's denial of an evidentiary hearing on his motion to suppress. We review that denial for abuse of discretion, *United States v. Cook*, 808 F.3d 1195, 1201 (9th Cir. 2015), and the district court's other challenged decisions for plain error, *see United States v. Williams*, 990 F.2d 507, 511 (9th Cir. 1993) (jury instructions); *United States v. Geston*, 299 F.3d 1130, 1134-35 (9th Cir. 2002) (prosecutorial misconduct); *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004) (sufficiency of the indictment). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Bonds argues that jury instructions 21 and 23, regarding the § 2423(a) charges, erroneously omitted the word "knowingly." The district court did not plainly err in giving those instructions, which track Ninth Circuit Model Criminal Jury Instruction 8.193. *United States v. Campbell*, 42 F.3d 1199, 1204-05 (9th Cir. 1994). The district court's addition of a correct statement of law from *United States v. Taylor*, 239 F.3d 994, 997 (9th Cir. 2001), taken from the "Comment" to the Model Instruction, was also not error. *See United States v. Humphries*, 728 F.3d 1028, 1033 (9th Cir. 2013) (holding that it was not "instructional error" to provide the jury with a "legally accurate instruction"). Nor did the instructions confuse the jury about the elements of the separate § 1591 offense, as they were expressly confined to the charges under § 2423(a), and the instructions relating to § 1591

2

provided that knowledge that a victim "had not attained the age of 18 years" was an element of that offense.

2. Bonds argues that, because the special verdict form asked the jury to find that he knew the age of the first victim, it caused the jury to believe that his knowledge of the second victim's age was irrelevant. But, jury instruction 22 expressly required proof that Bonds trafficked the second victim "knowing, or in reckless disregard of the fact, that [she] was under the age of 18 years."

3. Bonds also argues that instruction 28 was confusing, because it did not explicitly state that an interstate commerce requirement applied to both Counts 1 and 3. But, instruction 28 specifically applied to "the crime of sex trafficking," which included Counts 1 and 3.

4. Bonds' challenge to instruction 29—that it was not explicitly limited "*only* to Counts 1 and 3"—similarly fails, because the term "engage in a commercial sex act" appears only in § 1591, not in § 2423(a).[1]

5. Bonds next argues that the prosecutor elicited inadmissible testimony about his drug dealing and highlighted it in closing argument. But, the district court instructed the jury not to consider the prosecutor's arguments or uncharged conduct as evidence of Bonds' guilt. In light of the substantial evidence against Bonds, he

---

[1] Because none of the jury instructions was confusing individually, their cumulative effect is not confusing.

cannot show that, "in the context of the entire trial," these references likely "affected the jury's discharge of its duty to judge the evidence fairly." *United States v. Sullivan*, 522 F.3d 967, 982 (9th Cir. 2008) (per curiam) (internal quotation marks omitted).

6. We decline to address Bonds' ineffective assistance of trial counsel claim on direct appeal. *See United States v. Labrada-Bustamante*, 428 F.3d 1252, 1260 (9th Cir. 2005).

7. Bonds argues that he is entitled to an evidentiary hearing on his motion to suppress, because new evidence allegedly undermines the credibility of the arresting officer. But, even assuming that the officer was not credible, the search warrant was obtained on the basis of an affidavit from a second officer whose credibility is not challenged, and there was ample probable cause to support the warrant even without considering the information from the arresting officer. *See Utah v. Strieff*, 136 S. Ct. 2056, 2061-63 (2016) (holding that the connection between an officer's conduct and a subsequent search was "interrupted by [the] intervening circumstance" of the issuance of a valid warrant).

8. The indictment was sufficiently detailed. It clearly identified the statutes and subsections that Bonds was charged with violating, his alleged mens rea, the number of victims, the timeframe of the offenses, and the states between which interstate travel occurred. This was clearly sufficient to inform Bonds of the charges

and to bar any further prosecution.  *Rodriguez*, 360 F.3d at 958.

9.  Because Bonds did not preserve his claim of insufficiency of the evidence in a timely Rule 29 motion, we review it "only to prevent a manifest miscarriage of justice."  *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (internal quotation marks omitted).  We find none in light of the substantial evidence of his guilt.

**AFFIRMED.**