**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10178 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 4:19-cr-00114-JAS-EJM-1 |
| GREGG JOHNSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted August 12, 2020
Pasadena, California

Before: WARDLAW and CLIFTON, Circuit Judges, and HILLMAN,[**] District
Judge.

Gregg Johnson appeals his jury conviction for making false statements to a

government agency in violation of 18 U.S.C. § 1001. He argues that the district

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Timothy Hillman, United States District Judge for the
District of Massachusetts, sitting by designation.

court erred in formulating its jury instructions and in denying his motion for acquittal under Federal Rule of Criminal Procedure 29. We affirm.

"We review the formulation of jury instructions for abuse of discretion, but review de novo whether those instructions correctly state the elements of the offense and adequately cover the defendant's theory of the case." *United States v. Liew*, 856 F.3d 585, 595–96 (9th Cir. 2017). Here, in instructing the jury on the materiality prong of § 1001, the district court noted that the false statement "need not have actually influenced the agency, and the agency need not rely on the information, in fact, for it to be material." This, as Johnson concedes, correctly states the law. *See United States v. Serv. Deli Inc.*, 151 F.3d 938, 941 (9th Cir. 1998) ("The false statement need not have actually influenced the agency . . . and the agency need not rely on the information in fact for it to be material.") (citations omitted). Thus, the instruction was appropriate. A district court does not commit reversible error by giving a "legally accurate" jury instruction. *United States v. Humphries*, 728 F.3d 1028, 1033 (9th Cir. 2013).

We review de novo a district court's denial of a motion for judgment of acquittal. *United States v. Wanland*, 830 F.3d 947, 952 (9th Cir. 2016). Johnson argues that the district court erred in denying his motion because the government

had failed to prove materiality as a matter of law.[1] We disagree. The government solicited testimony from two witnesses showing that his false statements about having a college and graduate degree had a tendency to influence directly the government agency's decision to hire him and determine his salary. It would thus have been inappropriate for the district court to rule that the government had failed to prove materiality as a matter of law.

**AFFIRMED.**

---

[1] Johnson also argued to the district court that the government had failed to prove willfulness, another requirement of § 1001. Because he does not "specifically and distinctly argue the issue" in his opening appellate brief, this argument is waived. *United States v. Marcia-Acosta*, 780 F.3d 1244, 1250 (9th Cir. 2015) (quoting *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005)).