NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AVERY CURRY ARCHULETA, AKA
Avery Archuleta,

Defendant - Appellant.

No. 23-399

D.C. No.
3:22-cr-08024-SMB-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted April 3, 2024**
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

Defendant-Appellant Avery Archuleta appeals his conviction, after a jury

trial, of violating 18 U.S.C. §§ 1153, 113(a)(3), and 113(a)(6). Archuleta contends

that the district court plainly erred by failing to specifically instruct the jury that it

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

must be unanimous in its determination of whether the government disproved self-defense. He also argues that he received ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      When, as here, the defendant did not object to a jury instruction at trial, we review the instruction for plain error. *United States v. Sanders*, 421 F.3d 1044, 1050 (9th Cir. 2005). Thus, Archuleta must show "(1) an error (2) that is plain, (3) that affects 'substantial rights,' and (4) that 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Hinkson*, 585 F.3d 1247, 1268 (9th Cir. 2009) (en banc) (quoting *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009)).

We reject Archuleta's argument that the district court plainly erred by not giving a specific self-defense unanimity instruction. The district court instructed the jury several times that its verdict must be unanimous. "In the ordinary case, a general instruction that the verdict must be unanimous will be sufficient to protect the defendant's rights." *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 985 (9th Cir. 2020) (brackets omitted) (quoting *United States v. Anguiano*, 873 F.2d 1314, 1319 (9th Cir. 1989)). A specific unanimity instruction is required only when there is "a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts." *United States v. Gonzalez*, 786 F.3d 714, 717 (9th Cir. 2015) (quoting *United*

*States v. Chen Chiang Liu*, 631 F.3d 993, 1000 (9th Cir. 2011)). Archuleta has shown neither possibility. Given the district court's "wide discretion in crafting jury instructions," we conclude that it did not plainly err by failing to give a specific self-defense unanimity instruction. *United States v. Humphries*, 728 F.3d 1028, 1033 (9th Cir. 2013).

2.      "This court usually declines to reach ineffective challenges on direct appeal, because the claim cannot be advanced without development of facts outside the record." *United States v. Hanoum*, 33 F.3d 1128, 1131 (9th Cir. 1994). We thus ordinarily leave ineffective assistance of counsel claims for habeas proceedings because the record on direct appeal typically lacks sufficient evidence of "what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Mohsen*, 587 F.3d 1028, 1033 (9th Cir. 2009) (quoting *United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000)). We decline to take the unusual step of considering Archuleta's ineffective assistance of counsel claim on direct appeal.

Archuleta argues that trial counsel was ineffective by failing to object to the self-defense jury instruction and the introduction of evidence under Federal Rule of Evidence 404(b)(2), and by advising him not to testify in his own defense. Any error committed by defense counsel is not so obviously a violation of the Sixth Amendment as to justify direct review. *See United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013) (stating that considering an ineffective assistance claim on

direct appeal is appropriate only when the defendant's Sixth Amendment right was obviously violated or when the record is adequately developed to allow review). And the record is not sufficiently developed for us to evaluate the claim because, in part, "defense counsel has not had an opportunity to explain his actions." *United States v. Moreland*, 622 F.3d 1147, 1157 (9th Cir. 2010).

**AFFIRMED.**