**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAMIAN ANDREW WATHOGOMA,

Defendant - Appellant.

No. 23-1026

D.C. No.
3:22-cr-08029-SPL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted September 12, 2024
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER, District
Judge.[**]

Damian Wathogoma (Wathogoma) appeals his conviction and sentence for

engaging in sexual contact with A.C., a child under the age of twelve, in violation

of 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3). We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

U.S.C. § 1291, and we affirm Wathogoma's conviction, but vacate and remand his sentence to the district court.

1.   Reviewing *de novo*, we conclude that the district court did not err in denying Wathogoma's motion to suppress incriminating statements made to law enforcement officers, and that the government demonstrated by a preponderance of the evidence that Wathogoma's confession was voluntary.  *See United States v. Ramos*, 65 F.4th 427, 433, 436 (9th Cir. 2023).

The officers interviewed Wathogoma in a non-custodial setting at an elementary school where he was employed, and Wathogoma was not restrained in any manner.  The officers stated throughout the interview that Wathogoma was not under arrest, and Wathogoma confirmed that his statements were voluntary.  Although one of the officers may have misrepresented certain aspects of the investigation, "interrogating officers can make false representations concerning the crime or the investigation during questioning without always rendering an ensuing confession coerced."  *United States v. Preston*, 751 F.3d 1008, 1026 (9th Cir. 2014) (citation omitted).  The officers also may have appealed to Wathogoma's desire for forgiveness from his family, but the officers' remarks did not amount to psychological coercion to the extent that Wathogoma's "will was overborne."  *United States v. Price*, 980 F.3d 1211, 1227 (9th Cir. 2019), *as amended* (citation omitted).  Under the totality of the circumstances, Wathogoma's confession was

voluntary. *See id.*

**2.** The district court's admission over Wathogoma's hearsay objection of a drawing of the incident by A.C. does not warrant a new trial. In light of A.C.'s detailed testimony concerning the incident, "it is more probable than not that [admission of the drawing] did not materially affect the verdict." *United States v. Lucas-Hernandez*, 102 F.4th 1039, 1042 (9th Cir. 2024) (citation and footnote reference omitted).

**3.** Because Wathogoma did not "contemporaneously object" to the prosecutor's statements during closing arguments, "we review the alleged misconduct for plain error." *United States v. Dominguez-Caicedo*, 40 F.4th 938, 948 (9th Cir. 2022) (citation omitted). A new trial is not required because the evidence against Wathogoma "was overwhelming," *United States v. Barragan*, 871 F.3d 689, 708 (9th Cir. 2017) (citation omitted), and the prosecutor's comments did not "seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings." *Dominguez-Caicedo*, 40 F.4th at 948 (citation omitted).

**4.** The district court did not err when it responded to the jury's question concerning Wathogoma's confession. "We review for an abuse of discretion a district court's response to a jury inquiry, but we review de novo whether the district court's response correctly states the law or violates due process. . . ." *United States v. Humphries*, 728 F.3d 1028, 1031 (9th Cir. 2013) (citation

omitted). Wathogoma acknowledges that "nothing in [the district court's] instruction was technically incorrect standing alone," and we conclude that the district court did not err by refocusing the jury on its obligations to "decide if the government has met their burden beyond a reasonable doubt," and that it was not "to decide evidentiary issues." The jury was also instructed concerning its consideration of how much weight to give Wathogoma's confession, and "we presume that jurors follow the jury instructions." *United States v. Ovsepian*, 113 F.4th 1193, 1201 (9th Cir. 2024) (citation and internal quotation marks omitted). Moreover, any error was harmless because it is "clear beyond a reasonable doubt that a rational jury would have found [Wathogoma] guilty absent the error." *United States v. Castillo-Mendez*, 868 F.3d 830, 835 (9th Cir. 2017) (citation omitted).[1]

**5.** Wathogoma and the government agree that the written judgment contains language for special conditions of supervised release seven and nine that was not included in the district court's oral pronouncement at sentencing. "[I]f there is a conflict between the sentence orally imposed and written judgment, the oral pronouncement, as correctly reported, controls because the only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant. . . ." *United States v. Montoya*, 82 F.4th 640, 648 (9th Cir. 2023) (en

---

[1] We also conclude that there was not cumulative error requiring a new trial. *See United States v. Shih*, 73 F.4th 1077, 1102 (9th Cir. 2023).

banc) (citations, alteration, and internal quotation marks omitted).  Accordingly, we remand to the district court for the sole purpose of conforming the written judgment to the oral pronouncement of special conditions of supervised release seven and nine.  *See United States v. Jones*, 696 F.3d 932, 938 (9th Cir. 2012) (remanding because the oral pronouncement did not include a restriction included in the written judgment).

**CONVICTION AFFIRMED; SENTENCE REMANDED for the sole purpose of conforming the written judgment to the oral pronouncement.**