**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10227 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-02216-RCC-LCK-3 |
| v. | |
| DAVID ODEAN MCINTOSH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and submitted February 3, 2025[**]
Phoenix, Arizona

Before: CLIFTON, BYBEE, and BADE, Circuit Judges.

Defendant-Appellant David Odean McIntosh was tried and convicted of (1) conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349; (2) six counts of wire fraud in violation of 18 U.S.C. § 1343; (3) two counts of mail fraud in violation of 18 U.S.C. § 1341; and (4) one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). His convictions are based on

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

his participation in a conspiracy to defraud people through a lottery scam. McIntosh argues both that the district court erred by denying his motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, and in imposing his sentence. He also alleges instructional errors. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      McIntosh argues that the district court erred by denying his Rule 29 motion because the evidence was insufficient to support his convictions. We review the denial de novo and apply the test for sufficiency of the evidence. *United States v. Gonzalez-Diaz*, 630 F.3d 1239, 1242 (9th Cir. 2011); *see United States v. Door*, 996 F.3d 606, 616 (9th Cir. 2021). "If, after viewing the evidence in a light most favorable to the prosecution, this court finds that any rational trier of fact could find the essential elements of the charged crime beyond a reasonable doubt, then the evidence is sufficient. *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc)."

Sufficient evidence supports McIntosh's convictions for conspiracy to commit mail and wire fraud. *See* 18 U.S.C. § 1349 (attempt and conspiracy), § 1341 (mail fraud), and § 1343 (wire fraud). McIntosh contends that there is no direct evidence of an agreement among the co-conspirators. Direct proof of an agreement is not required, however, when there is circumstantial evidence from which the jury can infer an agreement. *See United States v. Jaimez*, 45 F.4th 1118, 1127 (9th Cir.

2

2022) (concluding there was sufficient evidence of a conspiracy to commit money laundering even without an explicit agreement). The record includes circumstantial evidence, including the testimony of a cooperating witness, from which a jury could infer an agreement to accomplish an illegal objective. McIntosh argues that the cooperating witness was not credible. The jury, not this court, weighs witness credibility, *Musacchio v. United States*, 577 U.S. 237, 243 (2016), and "the uncorroborated testimony of a single witness may be sufficient to sustain a conviction," *United States v. Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015) (citation and quotation omitted).

There is ample evidence other than the cooperating witness's testimony from which a rational factfinder could find beyond a reasonable doubt that McIntosh committed the elements of conspiracy to commit mail and wire fraud, as charged in count 1, and the elements of the substantive offenses of mail and wire fraud, as charged in counts 2 through 9. For example, McIntosh admitted that he obtained and distributed lead lists of elderly targets, and that he knew the co-conspirators. The evidence connected him to email accounts used in the scam (*e.g.,* Workaholic and BlacksHewitt), and he signed for deliveries of packages mailed to him by victim N.K. The email that was sent to victim L.G. was forwarded to the Workaholic email "almost immediately" after it was sent to L.G., and the subject line of the forwarded email indicated that it was related to the scam. Thus, there is sufficient evidence to

3

support McIntosh's convictions on counts 1 through 9.

Finally, viewed favorably to the prosecution, the evidence, including Malcolm's testimony describing how the co-conspirators moved money to Jamaica and victim L.R.'s testimony that she received unsolicited checks from "sponsor[s]" and was told to cash them at different banks and to send that money to pay the "taxes" she owed on her winnings is sufficient to support McIntosh's conviction for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), as charged in count 10. *Jaimez*, 45 F.4th at 1124 (discussing the elements of conspiracy to commit money laundering); *see also United States v. Singh*, 995 F.3d 1069, 1075 (9th Cir. 2021) (discussing concealing ownership). McIntosh's reliance on *United States v. Wilkes*, 662 F.3d 524 (9th Cir. 2011), to support his merger argument is misplaced. In *Wilkes*, we recognized that to obtain a conviction for the substantive offense of money laundering, the "[t]ransactions that created the criminally-derived proceeds must be distinct from the money-laundering transaction." *Id.* at 545 (citation and quotation omitted). McIntosh, however, was convicted of conspiracy to commit money laundering, and we have held that "[t]he commission of the substantive offense and the conspiracy to commit it are two separate and distinct offenses, and a conviction on the substantive count does not merge the conspiracy count." *Baker v. United States*, 393 F.2d 604, 610 (9th Cir. 1968) (citation omitted).

4

2.     McIntosh argues the district court committed plain error when it instructed the jury that, for purposes of wire and mail fraud, McIntosh must have acted with "the intent to defraud, that is[,] the intent to deceive or cheat." We review this instruction for plain error because McIntosh did not object to these instructions at trial. *Jaimez*, 45 F.4th at 1129. "Any omission or misstatement of an element of an offense in the jury instructions is constitutional error and, therefore, requires reversal unless we find the error harmless beyond a reasonable doubt." *Wilkes*, 662 F.3d 544 (quotations and citations omitted).

The parties acknowledge that, in *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020), we held that for wire and mail fraud, the intent to defraud "requires the intent to deceive *and* cheat—in other words, to deprive the victim of money or property by means of deception," *id.* at 1103. Assuming that giving a "deceive or cheat" instruction was plain error, it was harmless considering testimony that the purpose of the conspiracy was to "swindle people out of their money" and that McIntosh intended to deceive and cheat the victims.

The district court did not plainly err when responding to the jury's question during deliberations. *United States v. Anekwu*, 695 F.3d 967, 987 (9th Cir. 2012) (concluding that "re-reading the correct jury instructions" in response to a jury question was not plain error). The district court has wide discretion in "crafting" its response to the jury's questions. *See United States v. Humphries*, 728 F.3d 1028,

5

1033 (9th Cir. 2013). The district court instructed the jury to rely on the instructions it had already given, and McIntosh did not argue that the relevant conspiracy instructions were incorrect or provide an alternative response that the court should have given either to eliminate any jury confusion or to clarify the instructions.

3. The district court did not err in determining the amount of fraud loss attributable to McIntosh. *See* U.S.S.G. §§ 2B1.1, 1B1.3(a)(1)(B); *United States v. Treadwell*, 593 F.3d 990, 1002 (9th Cir. 2010) (explaining that § 2B1.1 "requires the district court to calculate the amount of loss attributable to an individual defendant's conduct in perpetrating a fraud" and further explaining how to determine that amount when it is the result of "jointly undertaken criminal activity"), *overruled on other grounds by Miller*, 953 F.3d at 1102. Although the district court did not make specific findings during the sentencing hearing, it adopted the presentence report which contained sufficient findings. *United States v. Riley*, 335 F.3d 919, 928 (9th Cir. 2003) (holding that adoption of factual findings in a presentence report is sufficient to determine the scope of a conspirator's participation in a conspiracy).

4. The district court did not abuse its discretion by denying McIntosh a minor role reduction under U.S.S.G. § 3B1.2. *See United States Chichande*, 113 F.4th 913, 922 (9th Cir. 2024) (concluding that the finding that the defendant represented an average participant was supported by facts in, and inferences that could be drawn from, the record including that the "owner and recruiter had high or

6

mid-high culpability"). The district court commented that McIntosh was "more likely than not . . . an organizer and a leader." The record supports this contention. Among other things, McIntosh recruited others, had people working for him, distributed lead lists, created an email account that received lead lists, and took calls that were transferred from other participants in the scheme to "crack" the victims.

**AFFIRMED.**