**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

DUANE HOWARD JONES,
            *Defendant-Appellant.*

No. 12-50042

D.C. No.
2:08-cr-01321-R-1

OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted
September 10, 2012—San Francisco, California

Filed October 5, 2012

Before: Arthur L. Alarcón, Sidney R. Thomas, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Thomas

12183

## COUNSEL

Becky Walker James, Kathryn A. Lohmeyer, Law Offices of Becky Walker James, Los Angeles, California, attorneys for the appellant.

André Birotte Jr., Curtis A. Kin, Robert E. Dugdale, Max B. Shiner, United States Attorney's Office, Los Angeles, California, attorneys for the appellee.

## OPINION

THOMAS, Circuit Judge:

In this appeal from the district court's revocation of supervised release, we consider whether the district court erred in treating a state criminal conviction as a felony rather than a misdemeanor, when the sole categorical difference was a recidivist history. We conclude that the district court properly considered the conviction as a felony. However, because the district court included a written special condition of supervised release that the court did not include in its oral pronouncement of sentence, we must vacate the judgment and remand for further proceedings.

I

In 2006, Duane Jones pleaded guilty to possessing counterfeit obligations with intent to defraud, in violation of 18 U.S.C. § 472. He was sentenced to 24 months in custody followed by 36 months of supervised release. Jones was subject to standard supervision conditions, including that he not commit any federal or state crimes. Prior to his federal conviction, Jones was convicted in California state court of indecent exposure.

In 2010, while on supervised release, Jones was again convicted in California state court of indecent exposure. California law specifies that an initial conviction of indecent exposure is punishable by a jail or prison term "not exceeding one year." Cal. Penal Code § 314. But "[u]pon the second and each subsequent conviction of" indecent exposure, "every person so convicted is guilty of a felony." *Id.* Consequently, when Jones was convicted in 2010, he was found guilty of a felony and sentenced to three years in state prison. *See* Cal. Penal Code § 18 (felony punishable by up to three years in prison).

After Jones's latest exposure to the criminal justice system, the United States Probation Office filed a petition alleging Jones had violated the terms of his supervised release. The probation office calculated Jones's violation as a Grade B violation, concluding that his latest foray should be counted as a felony. Because of the violation grade and Jones's criminal history category (IV), the recommended Guidelines range was 12 to 18 months. *See* U.S.S.G. § 7B1.4. The probation office recommended a sentence of 14 months in custody, followed by 22 months of supervised release, as well as ten special conditions of supervision.

At Jones's sentencing hearing, defense and government counsel explained that they agreed on a custodial sentence of 14 months, followed by 22 months of supervised release. They also agreed two special conditions should be omitted: one that prohibited Jones from possessing obscene materials and another that prohibited him from living within 2000 feet of schools and other facilities used by children. Jones did not challenge the probation report's finding that his offense constituted a Grade B violation.

The court sentenced defendant to 14 months in custody and 22 months of supervised release. The court did not specify the violation grade or the applicable Guidelines range. The court read aloud the special conditions and did not include the two conditions the parties had agreed to omit. However, the next day, the district court issued its written judgment, which included the residency restriction among the special conditions.

Jones timely appealed the sentence. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review a district court's interpretation of the Sentencing Guidelines de novo. *United States v. Guzman-Mata*, 579 F.3d 1065, 1068 (9th Cir. 2009). If a defendant did not raise his objection to the sentence before the district court, as is the case here, we review for plain error. *Id.*

## II

For a revocation sentence, the Guidelines range is determined by the criminal history category and the grade of violation (A, B, or C, with A being the most serious). *See* U.S.S.G. § 7B1.4 (Revocation Sentencing Table), § 7B1.1 (Classification of Violations).

In relevant part, Section 7B1.1 of the Guidelines states:

(a) There are three grades of probation and supervised release violations:

(1) . . .]

(2) *Grade B Violations* — conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year;

(3) *Grade C Violations* — conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

In this case, Jones's new conviction would have been considered a misdemeanor, a Grade C Violation, if he had not received an enhanced state sentence because of his prior state conviction. With the recidivist enhancement, his crime was categorized as a state felony, a Grade B Violation.[1]

**[1]** The central question on appeal is whether a state con-

---

[1]If Jones had been found to have committed a Grade C violation, the applicable Guidelines range would have been 6 to 12 months, rather than 12 to 18 months, given Jones's criminal history category (IV). *See* U.S.S.G. § 7B1.4.

viction should count as a felony for federal sentencing purposes in supervised release revocation proceedings, when the conviction would have been categorized as a misdemeanor if a recidivist enhancement had not been imposed.

**[2]** Although that question has not been precisely answered in our Circuit, we have strong guidance from the Supreme Court in a closely analogous context. In *United States v. Rodriquez*, 553 U.S. 377 (2008), the Supreme Court held that courts must consider recidivist enhancements in determining whether a defendant's prior convictions constitute serious drug offenses under the Armed Career Criminal Act. *Id.* at 382-86. In doing so, it rejected the theory that sentencing courts must "consider the sentence available for the crime itself, without considering separate recidivist sentencing enhancements." *United States v. Corona-Sanchez*, 291 F.3d 1201, 1209 (9th Cir. 2002) (en banc), *abrogated in part by Rodriquez*, 553 U.S. at 384-86. Similarly, this Court, relying on *Rodriquez*, has held that district courts should consider recidivist sentencing enhancements in determining whether a conviction constitutes an "aggravated felony" under Section 2L1.2(b)(1)(C) of the Sentencing Guidelines. *United States v. Rivera*, 658 F.3d 1073 (9th Cir. 2011).

Despite these precedents, Jones argues that determining the grade of a supervised release violation under Section 7B1.1 requires a different rule for two reasons: First, he argues that because a sentence imposed for a supervised release violation is meant to sanction the defendant's breach of the federal court's trust and not to punish the underlying offense, a court cannot consider a recidivist enhancement (particularly one based on a conviction that predated the federal conviction) because it cannot represent a breach of the court's trust. Second, Jones argues that because the commentary to Section 7B1.1 specifies that a violation grade should be determined based on the defendant's "actual conduct," a court cannot consider a defendant's recidivist status, which is not a part of

his conduct. Given controlling case law, neither contention has merit.

**[3]** First, considering the seriousness of Jones's offense is entirely consistent with the Guidelines and with the primary purpose of a revocation sentence, sanctioning the defendant's breach of trust. The Guidelines provide that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual Ch. 7, Pt. A(3)(b) (2010); *see also United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) ("The seriousness of the offense underlying the revocation, though not a focal point of the inquiry, may be considered to a lesser degree as part of the criminal history of the violator."). Indeed, the whole point of the violation grades is to "permit proportionally longer terms for more serious violations." U.S. Sentencing Guidelines Manual Ch. 7, Pt. A(3)(b). If the "nature and severity of the underlying offense were removed from the equation altogether," a court could not "punish the violator for the violator's full breach of trust." *Simtob*, 485 F.3d at 1063. In other words, a more serious violation constitutes a more serious breach of the court's trust.

**[4]** Consistent with the Supreme Court's observation that a "second or serious offense is often regarded as more serious because it portends future danger," *Rodriquez*, 553 U.S. at 385, California treats a second conviction of indecent exposure as a more serious offense than an initial exposure conviction. Consequently, the district court could properly consider the seriousness of this violation, to the limited degree it did, in imposing Jones's revocation sentence.

**[5]** Jones suggests that even if a court may consider a prior offense, it cannot consider one that predated the federal conviction because such a conviction can never represent a breach of trust. As the Supreme Court has made clear in

*Rodriquez*, a recidivist offense often is — in and of itself — more serious than a first-time offense. *See Rodriquez*, 533 U.S. at 386 (noting that when a defendant receives a higher sentence under a recidivist enhancement, the "sentence 'is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one.' " (citation omitted) (alterations in original)). Thus, a recidivist enhancement is properly considered in imposing a revocation sentence, irrespective of when the initial conviction occurred.

Moreover, the Guidelines themselves do not distinguish between prior and instant offenses. In the similar situation of determining the violation grade of a felon in possession of a firearm, the Guidelines expressly approve of basing the violation grade in part on a felony conviction that occurred before the period of federal supervised release. *See* U.S.S.G. § 7B1.1 cmt. app. n.5 ("Where the defendant is under supervision in connection with a felony conviction, or has a *prior felony conviction*, possession of a firearm . . . will generally constitute a Grade B violation because 18 U.S.C. § 922(g) prohibits a convicted felon from possessing a firearm." (emphasis added)).

Second, Jones argues that because a violation grade should be based on a defendant's "conduct," it necessarily excludes a defendant's recidivist status, which is not a part of his conduct. He points to the language of Application Note 1 to Section 7B1.1, which states:

> Under 18 U.S.C. §§ 3563(a)(1) and 3583(d), a mandatory condition of probation and supervised release is that the defendant not commit another federal, state, or local crime. A violation of this condition may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct. *The grade of violation does not depend on the conduct that is the subject of criminal charges or of which the defendant is con-*

*victed in a criminal proceeding. Rather, the grade of violation is to be based on the defendant's actual conduct.*

(Emphasis added.)

**[6]** But read as a whole, Application Note 1 simply provides guidance to courts evaluating uncharged conduct by clarifying that such conduct can form the basis of a supervised release violation even when the defendant has not been charged or convicted. *Cf. United States v. Denton*, 611 F.3d 646, 652 (9th Cir. 2010) (citing to Application Note 1 in analyzing proper treatment of uncharged conduct). In that context, the last two sentences of this note do not suggest that when, as here, a defendant was actually convicted of a felony, the sentencing court must treat it as a misdemeanor because his recidivist status was the basis for the felony conviction. Here, Jones's recidivist status was an inextricable part of his "conduct" under Section 7B1.1 because, under California law, repeat exposure is a more serious offense (and thus more serious and different conduct) than committing exposure for the first time.

**[7]** Therefore, the district court did not err, much less plainly err, in treating Jones's supervised release violation as a Grade B violation.

### III

**[8]** Jones also argues — and the government concedes — that the district court erred by including in its written judgment a residency restriction that it did not include in its oral pronouncement of sentence. We agree.

" 'In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment . . . the oral pronouncement, as correctly reported, must control.' " *United States v. Hicks*, 997 F.2d 594, 597

(9th Cir. 1993) (quoting *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974)). Here, the district court's oral pronouncement of sentence was unambiguous. In reading aloud the special conditions of supervised release, the court did not include the residency restriction. That pronouncement controls over the inconsistent written judgment including that restriction.[2]

[9] Therefore, we vacate the judgment and remand so the district court can strike special condition 8 from the written judgment to make it consistent with the court's oral pronouncement of sentence. *Cf. id.* (ordering similar remedy).

**AFFIRMED in part; VACATED and REMANDED in part.**

---

[2]We also note that the district court did not specify the violation grade or the applicable Guidelines range at sentencing. A district court is required to announce the Guidelines range. *See United States v. Waknine*, 543 F.3d 546, 554 (9th Cir. 2008) (district court's "total failure to announce its calculated Guidelines range" was plain error). Jones has not raised this issue on appeal.