NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LUIS ALFREDO ESPINOZA,<br><br>Defendant - Appellant. | No. 14-10386<br><br>D.C. No. 1-12-CR-00383-AWI-BAM-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
For the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted September 18, 2015
San Francisco, California

Before CHRISTEN and FRIEDLAND, Circuit Judges and LEMELLE, District Judge. **

Luis Alfredo Espinoza ("Appellant" or "Espinoza") appeals the sentence and

judgment imposed following his guilty plea to receipt and distribution of at least one

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

visual depiction involving a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). Espinoza raises four issues on appeal: (1) whether the district court's application of both the vulnerable victim enhancement, U.S.S.G. § 3A1.1(b)(1), and the prepubescent minor enhancement, U.S.S.G. § 2G2.2(b)(2), constituted impermissible double-counting of age under the sentencing guidelines; (2) whether Espinoza's sentence was substantively unreasonable; (3) whether the case should be remanded to conform the written judgment to the court's oral pronouncement of Special Condition No. 4; and (4) whether the case should be remanded to conform the written judgment to the court's oral pronouncement of Special Condition No. 6 and to clarify the breadth of the condition.

The commentary to the vulnerable victim enhancement, U.S.S.G. § 3A1.1, provides that courts should not apply the enhancement "if the factor that makes the person a vulnerable victim is incorporated in the offense guideline." In *United States v. Wright*, we interpreted that comment when addressing the application of the enhancements at issue here, finding that "[b]ecause the traits and characteristics associated with infancy and the toddler stage can exist independently of age, and because the factors of extreme youth and small physical size recognize a vulnerability beyond 'age' per se, we hold that the district court did not contravene the commentary of § 3A1.1." 373 F.3d 935, 943 (9th Cir. 2004). *Wright* is binding

precedent in our circuit. Accordingly, we read *Wright* as permitting the application of both the prepubescent minor enhancement and the vulnerable victim enhancement so long as the district court makes a finding of vulnerability—or adopts a Presentence Report ("PSR") with a finding of vulnerability—that goes beyond a mere acknowledgment of the victim's age.

Here, the district judge noted that "we're talking about vulnerable victims worldwide, arguably 'the' most absolute vulnerable victims, children, young children." While this seemingly indicates the district court's reliance on age in applying the vulnerable victim enhancement, the court also admitted the actual videos and images that police found in Espinoza's possession, which show the victims' small sizes. Common sense suggests that the children depicted were likely more vulnerable to increased pain from the sexual abuses committed on their small physical frames. Thus, by admitting the images, it seems that the district judge may have considered more than age alone in applying both enhancements.[1] However, the record does not include a specific finding of vulnerability beyond age, the PSR

---

[1] The government, when offering the evidence, specifically requested that the district court "include in the record the actual video so that there would be a record that supports the application of the vulnerable victim enhancement," and the district judge responded: "Okay, I'll go ahead and admit [the exhibits] into evidence." Moreover, after admitting the images, the court specifically found that "there is sufficient evidence . . . to conclude that *each of the enhancements* . . . [is] supported by factual evidence." (emphasis added).

adopted by the court also fails to make such a finding, and the record does not establish that the district court had an opportunity to view all of the video evidence. Though vulnerabilities such as the victims' small sizes and the associated degree of pain likely factored into the lower court's application of the enhancement, the record does not sufficiently make that clear. Espinoza's sentence is vacated and remanded. On remand, the district court must clarify whether a factual basis exists for the application of the vulnerable victim enhancement.[2]

The government concedes that the district court erred by issuing a written judgment that differs from the oral pronouncement regarding Special Conditions No. 4 and No. 6. To the extent that the district court decides to re-impose these conditions, it should ensure that the written judgment is consistent with the oral pronouncements made at sentencing. *United States v. Jones*, 696 F.3d 932, 938 (9th Cir. 2012). At sentencing, the court incorporated by reference the PSR's Special Conditions. Special Condition No. 4, as written in the PSR, uses the word "known" as a modifier of "children under the age of 18" in the first sentence and of "persons under the age of 18" in the last sentence. However, the written judgment leaves out the "known" modifier altogether. The written judgment and the PSR also differ with

_____

[2] Because we vacate Espinoza's sentence, his challenge to the substantive reasonableness of that sentence is now moot.

4

respect to Special Condition No. 6. The judgment leaves out the last sentence of Special Condition No. 6 as written in the PSR. On remand, the district court should ensure that the written judgment is consistent with the oral pronouncements made at sentencing. *Jones*, 696 F.3d at 938. Further, the court should determine whether *United States v. Wolfchild*, 699 F.3d 1082 (9th Cir. 2012), requires that Espinoza's own children be exempted from Special Condition No. 4.

Additionally, should the district court determine upon resentencing to re-impose Special Condition No. 6 of Espinoza's supervised release, the district court must clarify the breadth of that condition. As is, it is dangerously close to running afoul of this Court's decision in *United States v. Gnirke*, 775 F.3d 1155, 1163 (9th Cir. 2015). In that case, a restriction prevented Gnirke from patronizing "any place where such [sexually explicit] materials or entertainment are available"—a restriction that we held deprived him of more liberty than reasonably necessary by severely restricting legitimate activities. *Id*. at 1159. Special Condition No. 6 prohibits Espinoza from possessing, owning, using, viewing, reading, or frequenting places with material depicting or describing sexually explicit conduct. The final line of Special Condition No. 6 prohibits him from frequenting places where the "primary purpose" is related to such material. The first sentence and the last thus seem to be in conflict, with the first sentence being the sort of overbroad restriction

we held improper in *Gnirke*. The question for the district court is whether the "primary purpose" limitation included in the last sentence applies to the entirety of Special Condition No. 6. If so, the condition is sufficiently constrained to comport with *Gnirke*. However, if that last sentence is just another independent restriction, then Special Condition No. 6 runs contrary to *Gnirke*.

The sentence is **VACATED AND REMANDED** for resentencing.