NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRISTOPHER JESSE TORRES,

Defendant-Appellant.

No. 16-30062

D.C. No. 1:07-cr-00235-EJL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Christopher Jesse Torres appeals from the district court's judgment and

challenges the 24-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Torres contends that the district court procedurally erred by miscalculating

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Guidelines range, failing to explain adequately the sentence, and relying on improper sentencing factors. Contrary to Torres's contention, the district court correctly calculated the Guidelines range because it properly concluded that his state criminal conviction was a Grade B violation. *See* U.S.S.G. § 7B1.1(a)(2); *United States v. Jones*, 696 F.3d 932, 935-37 (9th Cir. 2012) (court properly treated conduct as Grade B violation where it was punishable by a term of imprisonment exceeding one year due to application of enhancement). Furthermore, the district court's explanation of the sentence was legally sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Finally, the record reflects that the district court considered only the proper 8 U.S.C. § 3583(e) sentencing factors, including Torres's criminal history and the need to protect the public. *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007).

Torres next contends that his sentence is substantively unreasonable because the district court imposed it to run consecutive to his sentence for the state criminal conviction which formed the basis of the violation. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The consecutive sentence is substantively reasonable in light of the section 3583(e) factors and the totality of the circumstances, including Torres's extensive criminal history, his failure to be deterred by prior sentences, and the need to protect the public. *See*

2

16-30062

*Gall*, 552 U.S. at 51; *see also* U.S.S.G. § 7B1.3(f).

**AFFIRMED.**