**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

FILED

AUG 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50164 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00209-GW |
| v. | |
| ELIAS BACA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted August 15, 2018[**]

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Elias Baca appeals from the district court's judgment and challenges a special condition of supervised release imposed following his guilty-plea conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We vacate and remand to the district court to correct the judgment.

Baca contends that the written judgment is in conflict with the court's oral pronouncement of special condition of supervised release number three. The government concedes, and we agree, that special condition number three in the written judgment contains a restriction that was not included in the district court's oral pronouncement of sentence, namely the restriction that Baca "abstain from using alcohol." Accordingly, we vacate the judgment and remand for the district court to conform the judgment with the oral pronouncement by striking the prohibition on Baca's use of alcohol from special condition of supervised release number three.[1] *See United States v. Jones*, 696 F.3d 932, 937-38 (9th Cir. 2012) (vacating judgment and remanding for the district court to strike a residency restriction that it did not include in its oral pronouncement of sentence); *see also United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006) ("[W]hen an oral sentence is unambiguous, it controls over a written sentence that differs from it.").

**VACATED and REMANDED.**

---

[1] Special condition of supervised release number three also differs in other ways from the oral pronouncement. However, Baca does not challenge these variances, and we do not reach them here.

17-50164