**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAVID LEE FRATER,

Defendant-Appellant.

No. 16-10289

D.C. No. 2:14-cr-01517-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

David Lee Frater appeals from the district court's judgment and challenges

his guilty-plea conviction and 125-month sentence for possession of child

pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2) and 2256.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Frater's counsel has filed a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Frater has filed a pro se supplemental brief and several motions to supplement that brief, which we grant. The Clerk shall file the supplemental brief submitted at Docket Entry No. 47. To the extent Frater moves to strike counsel's brief and proceed pro se, we deny the motion. However, we have considered all of his Frater's filings. The government has not filed an answering brief. Accordingly, we deny as moot Frater's motion regarding the due date for the answering brief.

Frater waived his right to appeal his conviction and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). Contrary to Frater's pro se argument, the record reflects that his plea was knowing and voluntary, and his motion to withdraw his guilty plea is covered by the appeal waiver. *See United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011). To the extent Frater argues that his plea was the result of ineffective assistance of counsel, we decline to reach that issue on direct appeal. *See id.* at 1259-60. We accordingly dismiss the appeal, with the exception of two supervised release conditions, special conditions of supervised release four and eight in the written judgment, which contain restrictions that were not included in the court's oral pronouncement of

sentence. *See United States v. Jones*, 696 F.3d 932, 937-38 (9th Cir. 2012) (where there is a direct conflict between an unambiguous oral pronouncement of sentence and written judgment, the oral pronouncement controls); *see also Watson*, 582 F.3d at 977 (an appeal waiver does not bar a constitutional challenge to a supervised release condition). On remand, the district court shall strike the second sentence from special condition number four, which states: "You shall not possess, view, or otherwise use any other material that is sexually stimulating, sexually oriented, or deemed to be inappropriate by the probation officer and/or treatment provider." In addition, the court shall strike from special condition of supervised release number eight the restriction that Frater not work "with a vulnerable population (i.e. elderly or physically or mentally handicapped)."

Frater's request that counsel be relieved and counsel's motions to withdraw are **GRANTED**.

**DISMISSED; REMANDED with instructions.**