NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50069 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-01965-JLS |
| v. | |
| JORGE MOLINA-MADRID, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted October 22, 2018**

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Jorge Molina-Madrid appeals from the district court's judgment and

challenges the three-year term of supervised release and a special condition

imposed following his guilty-plea conviction for attempted reentry of a removed

alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm but remand to correct the judgment.

Molina-Madrid contends that the district court procedurally erred by imposing a three-year term of supervised release without calculating the supervised release Guidelines range and by insufficiently explaining its decision to impose the statutory maximum term of supervision on a deportable alien. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The government asked for a three-year term as "an added measure of deterrence" in light of Molina-Madrid's immigration history and the court expressed similar concerns about the need to deter Molina-Madrid from returning. On this record, we conclude that the court would have imposed the same three-year term even absent the alleged errors. *See* U.S.S.G. § 5D1.1 cmt. n.5; *United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Molina-Madrid next contends that the written judgment conflicts with the district court's oral pronouncement of sentence. Because the written special condition contains two restrictions that were not pronounced orally, we remand to the district court with instructions that it strike the following portion of the special condition: "If deported, excluded or allowed to voluntary [sic] return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry into the United States." *See United States v. Jones*, 696 F.3d 932, 937-38 (9th Cir. 2012).

**AFFIRMED; REMANDED to correct the judgment.**