**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50482 |
| Plaintiff-Appellee, | D.C. No. 5:14-cr-00103-JGB-1 |
| v. | |
| KELLY JOHN GARRETT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted November 14, 2018
Pasadena, California

Before: PAEZ, PARKER,** and CLIFTON, Circuit Judges.

Kelly Garrett appeals his sentence following his conviction on one count of

wire fraud under 18 U.S.C. §1343. He challenges the special conditions of

supervised released imposed by the district court. We have jurisdiction under 28

U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm in part, vacate in part, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

remand.

"A district judge may impose any supervised release condition she deems appropriate, subject to three primary constraints. First, the condition must be reasonably related to the nature and circumstances of the offense; the history and characteristics of the defendant; or the sentencing-related goals of deterrence, protection of the public, or rehabilitation. 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B)-(D). Second, the condition must be consistent with the Sentencing Commission's policy statements. § 3583(d)(3). And finally, the condition may involve no greater deprivation of liberty than is reasonably necessary to serve the goals of supervised release. § 3583(d)(2)." *United States v. LaCoste*, 821 F.3d 1187, 1190–91 (9th Cir. 2016) (internal quotation marks and case citations omitted).

Garrett argues that three conditions of his supervised release pertaining to his computer use—Conditions Nine, Ten, and Eleven (collectively, the "computer-related conditions")—are not reasonable. The record shows that Garrett used email to communicate materially false information to investors. Thus, the computer-related conditions are reasonably related to the sentencing-related goals of deterrence and protection of the public.

The computer-related conditions are not akin to those we rejected in *United States v. Sales*, 476 F.3d 732 (9th Cir. 2007) and *United States v. Barsumyan*, 517

2

F.3d 1154 (9th Cir. 2008) because they do not require Garrett to seek permission from his probation officer before using a computer. And, they are not like those we rejected in *United States v. LaCoste*, 821 F.3d at 1192 because they do not prohibit him from using the internet without permission. Although Garrett argues that Condition Eleven is too restrictive because it allows for monitoring of "any and all activity on his computer," we read this condition to be limited to internet activity or use; "computer activities not related to the Internet are not to be monitored." *See United States v. Quinzon*, 643 F.3d 1266, 1272 (9th Cir. 2011).

During the sentencing hearing, the district court modified proposed Condition Four from prohibiting Garrett from engaging in any business involving the solicitation of funds to a prohibition from engaging in any business involving the solicitation of investments. The written judgment, however, prohibits the solicitation of funds. Garrett argues, and the government agrees, that the judgment should be vacated so the district court can correct Condition Four to conform to the oral pronouncement. Therefore, we vacate Condition Four and remand to the district court so it may correct the condition to conform to the oral pronouncement. *See United States v. Jones*, 696 F.3d 932, 938 (9th Cir. 2012) (internal quotation marks and citations omitted) ("In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment . . . the oral pronouncement, as correctly reported, must control.").

3

AFFIRMED in part; VACATED in part; REMANDED.