NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50322 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-04451-LAB-1 |
| v. | |
| ROBERT WILLIAM KNOPPING, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 18, 2021[**]

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Robert William Knopping appeals from the district court's judgment and

challenges the 90-month sentence and several conditions of supervised release

imposed following his guilty-plea conviction for importation of methamphetamine,

in violation of 21 U.S.C. §§ 952, 960.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291.  We affirm in part, vacate in part, and remand.

Knopping first contends that, when calculating his Guidelines range, the district court erred by declining to reduce his offense level by a third point for acceptance of responsibility under U.S.S.G. § 3E1.1(b).  We review the district court's application of the Guidelines to the facts for abuse of discretion.  *See United States v. Herrera*, 974 F.3d 1040, 1045 (9th Cir. 2020).  The district court did not abuse its discretion by concluding that Knopping's failure to appear at the initial sentencing and subsequent decision to abscond for several months were inconsistent with complete acceptance of responsibility.  *See* U.S.S.G. § 3E1.1 cmt. n.6 ("The timeliness of a defendant's acceptance of responsibility is a consideration under both subsections [of the Guideline], and is context specific."); *United States v. Tuan Ngoc Luong,* 965 F.3d 973, 991 (9th Cir. 2020) (acceptance of responsibility adjustment turns on whether defendant expressed "personal contrition" and "a genuine acceptance of responsibility for his actions" (internal quotation marks omitted)).[1]  Though not necessary to our analysis, we also note that the district court granted a substantial downward variance of 172 months from the bottom of the applicable Guidelines range and fully explained why a greater

---

[1] Though the district court did not impose it, the government recommended at sentencing that, because Knopping absconded, he should receive a two-level upward adjustment for obstruction of justice.  Conduct resulting in an obstruction of justice enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."  U.S.S.G. § 3E1.1 cmt. n.4.

variance was not warranted.

Knopping also contends that the written judgment's inclusion of the mandatory and standard conditions of supervised release conflicts with the district court's oral pronouncement of sentence, which did not include these conditions. However, imposition of mandatory and standard conditions is "implicit in an oral sentence imposing supervised release." *United States v. Napier*, 463 F.3d 1040, 1043 (9th Cir. 2006). Contrary to Knopping's argument, nothing in *Napier* requires the district court to state at sentencing that it will be imposing the standard conditions. *See id.*

Finally, Knopping contends that four of the special conditions in the written judgment contain additional restrictions that must be stricken because they were not included in the oral pronouncement. We agree as to three of the conditions. Specifically, the district court's oral pronouncement of sentence did not include: (1) the requirement in Special Condition 1 that Knopping "comply with both United States and Mexican immigration laws;" (2) the requirements in Special Condition 2 that Knopping "[a]llow for reciprocal release of information between the probation officer and the treatment provider," and "[m]ay be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay;" and (3) the requirement in Special Condition 5 that Knopping "warn any other residents that the premises may be

19-50322

subject to searches pursuant to this condition." We therefore vacate the judgment and remand so the district court can enter a corrected written judgment that does not contain the foregoing clauses. *See United States v. Jones*, 696 F.3d 932, 938 (9th Cir. 2012).

We disagree that the language of Special Condition 3 in the written judgment conflicts with the court's oral pronouncement. Rather, the phrase "or in which you have an interest" clarifies what it means for Knopping to own a vehicle for the purposes of reporting it to his probation officer. *See Napier*, 463 F.3d at 1043 (later written sentence controls when it "merely clarifies an ambiguity in the oral pronouncement").

**AFFIRMED in part, VACATED in part, and REMANDED.**

19-50322