**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JOSE ALFREDO SOLIS,<br><br>Defendant-Appellant. | No. 21-50140<br><br>D.C. No.<br>3:20-cr-02510-LAB-1<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JOSE ALFREDO SOLIS,<br><br>Defendant-Appellant. | No. 21-50142<br><br>D.C. No.<br>3:17-cr-03121-LAB-1 |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 1, 2022
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SILER,[**] CALLAHAN, and H. THOMAS, Circuit Judges.
Dissent by Judge H. THOMAS.

Jose Alfredo Solis appeals from the district court's imposition of an 84-month sentence he received after pleading guilty to importing methamphetamine in violation of 21 U.S.C. §§ 952 and 960.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Solis first argues that the district court erred in denying his request for a two-level minor role reduction under Section 3B1.2(b) of the United States Sentencing Guidelines. "[W]e review the district court's identification of the correct legal standard *de novo* and the district court's factual findings for clear error." *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). "[A]s a general rule, a district court's application of the Sentencing Guidelines to the facts of a given case should be reviewed for abuse of discretion." *Id.*

Section 3B1.2(b) provides for a two-level reduction if the defendant "was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). To be eligible for this adjustment, the defendant must establish that he is "substantially less

---

[**]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] In Case No. 21-50142, Solis also appealed the revocation of his supervised release. However, Solis expressly waived this argument in his consolidated opening brief.

culpable than the average participant in the criminal activity." *Id.* at cmt. 3(A). As we recently held, in assessing whether the defendant has met this burden, the district court must engage in a three-step analysis:

> First, the court must identify all of the individuals for whom there is sufficient evidence of their existence and participation in the overall scheme. Second, the court must calculate a rough average level of culpability for these individuals, taking into consideration the five factors in comment 3(C) to the Mitigating Role Guideline. Third, the court must compare the defendant's culpability to that average. If the defendant is substantially less culpable than that average and meets the other criteria, he should be granted a mitigating role adjustment.

*United States v. Dominguez-Caicedo*, 40 F.4th 938, 2022 WL 2799169, at *17 (9th Cir. 2022) (internal quotation marks and citations omitted).

We agree with Solis that the district court erred in articulating and applying these standards. As an initial matter, while the district court identified two other individuals involved in the criminal scheme, it disregarded the organizer of the scheme as a valid comparator because the organizer was "not an average participant," and the intended recipient of the drugs because Solis had failed to provide sufficient information about that person. This was error because "the proper comparison is to the average of *all* of the individuals who participated in [the] offense, including those that the district court believed were leaders or organizers or who were otherwise highly culpable." *Id.* at *18; *see also id.* at *17 (rejecting approach comparing "the defendant's culpability to only the *median* participants' actual level of culpability").

3

The district court also erred in identifying the legal standards applicable to three of the non-exhaustive factors set forth in Comment 3(C) to U.S.S.G. § 3B1.2. The first of these factors calls for a court to consider "the degree to which the defendant understood the scope and structure of the criminal activity." U.S.S.G. § 3B1.2 cmt. 3(C)(i). We have held that this factor requires the court to assess the defendant's knowledge of "the scope and structure of the criminal enterprise in which he was involved." *United States v. Diaz*, 884 F.3d 911, 917 (9th Cir. 2018). However, the district court here focused on Solis's knowledge of the importation crime at issue, stating that it "cannot be the standard" that the court was required to assess Solis's knowledge of the criminal enterprise itself. This statement is inconsistent with our decision in *Diaz*.

The second factor requires the district court to assess "the degree to which the defendant participated in planning or organizing the criminal activity." U.S.S.G. § 3B1.2 cmt. 3(C)(ii). The district court held this factor weighed against granting Solis an adjustment because Solis "was part of the plan," though it "didn't originate with him" and "[h]e was a cog." The district court's apparent view that being a "part of the plan" is the equivalent to participating in the planning of the crime misconstrues the text of Comment 3(C)(ii).

Finally, the fifth factor identified in Comment 3(C) is "the degree to which the defendant stood to benefit from the criminal activity." U.S.S.G. § 3B1.2 cmt.

3(C)(v). In applying this factor, courts are required to evaluate not only the amount of payment, but whether the payment was set at a fixed sum or if the defendant had a "ownership interest or other stake in the outcome of the trafficking operation." *Diaz*, 884 F.3d at 917; *see also* U.S.S.G. § 3B1.2 cmt. 3(C) ("[A] defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline."). The district court erred by failing to consider whether Solis had any proprietary interest in the criminal activity at issue here.

2. However, we agree with the government that the district court's error in articulating and applying these standards was harmless. A Guidelines calculation error can be harmless in several circumstances, including where "the district court: (1) acknowledges that the correct Guidelines range is in dispute and performs his sentencing analysis twice, beginning with both the correct and incorrect range; [and] (2) chooses a within-Guidelines sentence that falls within both the incorrect and the correct Guidelines range and explains the chosen sentence adequately." *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 n.5 (9th Cir. 2011); *see also United States v. Mendoza*, 121 F.3d 510, 513–14 (9th Cir. 1997). "To establish harmlessness, the Government must show that it is more probable than not that the error did not affect the sentence." *Dominguez-Caicedo*, 2022 WL 2799169, at *19 (internal quotation marks and citation omitted).

Without the minor role reduction, the district court calculated that the Guidelines range for Solis's offense was 188–235 months' imprisonment. After considering the factors set forth in 18 U.S.C. § 3553(a), the district court departed downward from this range and instead imposed a sentence of 84 months' imprisonment. The district judge stated that with the minor role adjustment, the Guidelines range would have been 110–137 months, and that he "wouldn't have gone any lower [than 84 months], even if I had granted a minor role."

Solis contends that any error could not have been harmless because the district court miscalculated what the Guidelines range would have been if the minor role adjustment had been granted. Solis contends the correct Guidelines range would have been 92–115 months, not 110–137 months. Solis also argues that the district court's statement that it would not have imposed the same sentence in any event was conclusory and entitled to less weight because it came near the end of the sentencing hearing. *See Dominguez-Caicedo*, 2022 WL 2799169, at *20.

We disagree. Even assuming that Solis is right that the alternative Guidelines range was miscalculated,[2] harmless error can still apply when the

---

[2] In its briefing, the government initially conceded that the district court incorrectly calculated the alternative Guidelines range. But at argument, the government changed its position and stated that it now believes the district court's calculation was correct. We need not address this dispute because we find the district court's error was harmless even if Solis's proposed range is accurate.

district court chooses a "within-Guidelines sentence that falls within both the incorrect and the correct Guidelines range and explains the chosen sentence adequately." *Munoz-Camarena*, 631 F.3d at 1030 n.5. Here, the 84-month sentence imposed by the district court was *below* even the "correct" Guidelines range that Solis advocated for.

Further, the district judge explained the reasoning for his sentence in significant detail. For example, the district judge considered the fact that Solis attempted to smuggle a relatively small quantity of drugs, and the fact that he pleaded guilty and promptly resolved the case. But the judge also factored in Solis's history, which was "bad" and indicated that Solis just "does not learn a lesson." He noted that this was the third time Solis has tried to import drugs. The court considered Solis's motivation—to help his girlfriend—but found that "doesn't get us very far" because the girlfriend herself was working for a drug cartel. The court further justified the sentence by reference to the need for punishment and the need to specifically deter a repeat offender like Solis from continuing to commit these types of crimes. 18 U.S.C. § 3553(a)(2)(A)–(B).

Additionally, the fact that the district court sentenced Solis to a term of imprisonment below even the Guideline range Solis argues should have applied distinguishes this case from *Dominguez-Caicedo*. There, the district court imposed a 180-month sentence. That sentence was below the incorrectly calculated

7

Guidelines range of 292–365 months, but still well above the alternative, correctly calculated Guidelines range of 97–121 months. 2022 WL 2799169, at *19–20. By contrast, Solis's sentence was eight months below the low end of the Guidelines range he now argues should have applied. This, when combined with the court's reasoned explanation for the sentence, was sufficient to establish harmless error under these specific circumstances.

3.　Solis also argues that the district court erred by imposing, without notice, a condition permitting law enforcement officers to conduct suspicionless searches of Solis as part of the terms of his supervised release. Solis contends that, during the district court's oral pronouncement of the sentence, the district judge indicated that Solis would not be subject to suspicionless searches, and that an unambiguous oral pronouncement of a sentence controls when it conflicts with the written judgment. *United States v. Allen*, 157 F.3d 661, 668 (9th Cir. 1998); *United States v. Jones*, 696 F.3d 932, 938 (9th Cir. 2012). Even if the oral statement was ambiguous, Solis argues that the sentence should still be vacated and remanded because Solis didn't have adequate notice that the condition would be imposed and thus didn't have a chance to object. *See United States v. Reyes*, 18 F.4th 1130, 1133 (9th Cir. 2021).

We disagree. At the sentencing hearing, the district judge stated that:

[Solis is] subject to search, that includes his person, his property, his residence, and his vehicle. . . . What this means, Mr. Solis, [is that] if

any cop wants to search you or your property, or your car, or your house, you have to permit it. You can't say no. You're subject to a waiver here. It's forced on you. It's not really a waiver. It's a condition of supervised release, but you have to permit search.

The district judge went on to state that "I'm not going to let that be abused. I'm not going to let anybody arbitrarily, you know, search you or continually search you when there's no good reason."

Read together, the hearing transcript does not support Solis's argument that the district judge unambiguously announced that Solis would not be subject to a suspicionless search condition. While the district judge did not expressly state that searches could be "suspicionless," he clearly indicated that Solis would be required to submit to any search by any peace officer and had no right to "say no." This inability to "say no" to *any* search (without reference to a minimum degree of suspicion), at the very least, strongly implied that Solis would be subject to a suspicionless search condition. Because there was ambiguity in the oral pronouncement of the sentence, the unambiguous written judgment imposing the suspicionless search condition controls. *Fenner v. U.S. Parole Comm'n*, 251 F.3d 782, 787 (9th Cir. 2001).

Nor is remand necessary because Solis lacked notice that a suspicionless search requirement might be imposed. The district judge's statement that he was imposing a condition which required Solis to consent to any search was sufficient to put Solis's counsel on notice that the court was at least "considering" a

9

suspicionless search requirement. *See Reyes*, 18 F.4th at 1133 (noting that "at no time prior to the imposition of sentence did the district court provide any notice to the parties that it was considering a substantial modification and expansion of the search condition").

**AFFIRMED**.

*United States v. Solis*, No. 21-50140+

H. THOMAS, Circuit Judge, dissenting:

I agree with the majority that the district court erred in interpreting and applying the legal standards that determine eligibility for a minor role reduction under Section 3B1.2(b) of the Sentencing Guidelines. *See United States v. Dominguez-Caicedo*, — F.4th —, No. 19-50268, 2022 WL 2799169, at *18 (9th Cir. July 18, 2022); *United States v. Diaz*, 884 F.3d 911, 916–18 (9th Cir. 2018). But I cannot agree that the errors were harmless. In light of the multiple mistakes of law committed during the sentencing proceedings, I do not believe it is more likely than not that the errors did not affect Solis' sentence. I would therefore vacate and remand the sentence to give the district court the opportunity to recalculate the sentence under the correct legal framework. *See Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable possibility of a different outcome absent the error."); *United States v. Munoz-Camarena*, 631 F.3d 1028, 1031 (9th Cir. 2011) (holding that a district court's statement that it would have imposed the same sentence no matter the correct calculation "cannot, without more, insulate the sentence from remand").

Because I do not believe Solis had proper notice of the district court's intent

to impose a suspicionless search condition, I would also vacate and remand the condition to give Solis the opportunity to object. *See United States v. Reyes*, 18 F.4th 1130, 1133 (9th Cir. 2021).

I therefore respectfully dissent from the majority's decision affirming Solis' sentence.