**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMIE RICHARDSON,

Defendant-Appellant.

No.    23-10007

D.C. No. 2:17-cr-00044-KJM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted February 21, 2024[**]

Before:    FERNANDEZ, NGUYEN, and OWENS, Circuit Judges.

Jamie Richardson appeals from the district court's judgment and challenges

his guilty-plea convictions, time-served sentence, and 36-month term of supervised

release for use of a communication facility to facilitate a drug trafficking offense,

in violation of 21 U.S.C. § 843(b), and possession of a die and plate designed to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

render a drug into a counterfeit substance, in violation of 21 U.S.C. § 843(a)(5). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Richardson's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Richardson the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Richardson waived his right to appeal his conviction and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). We accordingly dismiss the appeal. *See id.* at 988.

However, we remand for the district court to make Special Condition 1 in the written judgment match the first special condition included in the presentence report, which the court adopted "as written" during the oral pronouncement of sentence. *See United States v. Jones*, 696 F.3d 932, 938 (9th Cir. 2012) (where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment, the oral pronouncement controls). On remand, the district court must also correct the written judgment to reflect that the offenses of conviction are Class D felonies. *See* 18 U.S.C. § 3559(a)(4).

23-10007

Counsel's motion to withdraw is **GRANTED.**

**DISMISSED; REMANDED with instructions to correct the written judgment.**