**NOT FOR PUBLICATION**

FILED

**UNITED STATES COURT OF APPEALS**

JUN 5 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

MARCO ANTONIO NEVAREZ, AKA
Klue, AKA Machete,

       Defendant - Appellant.

No. 24-591

D.C. No.
2:22-cr-00500-SVW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 23, 2025[**]
Pasadena, California

Before: WARDLAW and OWENS, Circuit Judges, and HINDERAKER, District
Judge.[***]

Marco Antonio Nevarez pleaded guilty to one count of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He now appeals the

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

   [***]   The Honorable John Charles Hinderaker, United States District Judge for the District of Arizona, sitting by designation.

district court's denial of his Motion to Suppress and Motion to Dismiss the Indictment. Nevarez also asks the Court to remand the case for resentencing with instructions to strike a written supervised-release condition inconsistent with the district court's oral pronouncement of his sentence. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, and reverse and remand in part.

1.      Nevarez first argues the district court erred in finding by a preponderance of the evidence that he, rather than Officer Smith, opened the door to Room 18, justifying the officers' warrantless entry. We review the factual findings underlying a district court's denial of a motion to suppress for clear error. *United States v. Yang*, 958 F.3d 851, 857–58 (9th Cir. 2020). "So long as the district court's view of the evidence is plausible in light of the record viewed in its entirety, it cannot be clearly erroneous, even if the reviewing court would have weighed the evidence differently had it sat as the trier of fact." *SEC v. Rubera*, 350 F.3d 1084, 1093–94 (9th Cir. 2003).

The footage captured by the officers' body-worn cameras does not make clear whether Nevarez could have opened the door at the same time that Officer Smith turned the knob. There is, however, circumstantial evidence supporting a finding that Nevarez opened the door, including Nevarez's own statement at the scene. Further, the district court conducted an evidentiary hearing and found Officer Smith more credible than Nevarez in his version of events. *See United*

*States v. Bontemps*, 977 F.3d 909, 917 (9th Cir. 2020) ("Moreover, '[w]here testimony is taken, we give special deference to the district court's credibility determinations,' and generally 'cannot substitute [our] own judgment of the credibility of a witness for that of the fact-finder.'" (alterations in original) (first quoting *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008); and then quoting *United States v. Durham*, 464 F.3d 976, 983 n.11 (9th Cir. 2006))). Accordingly, applying the preponderance of the evidence standard, the district court reasonably concluded Nevarez opened the door, and properly denied the Motion to Suppress.[1]

2.      Nevarez next argues the district court erred in denying his Motion to Dismiss the Indictment because his 18 U.S.C. § 922(g)(1) felon-in-possession charge is unconstitutional under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). We recently addressed a constitutional challenge to § 922(g)(1) in *United States v. Duarte*, No. 22-50048 (9th Cir. May 9, 2025) (en banc). *Duarte* upheld the constitutionality of § 922(g)(1) as applied to non-violent

---

[1] The district court also found the warrantless entry was independently justified by exigent circumstances, reasoning that "[a]lthough the anonymous tip did not include predictions of future movements, which would support probable cause, the exigency of the circumstances nonetheless rendered the search reasonable." This analysis conflates the two separate requirements necessary to justify warrantless entry under the exigent circumstances exception. *See United States v. Johnson*, 256 F.3d 895, 905 (9th Cir. 2001) (requiring both probable cause *and* exigent circumstances to justify a warrantless intrusion). But because we affirm on other grounds, we need not reach this issue.

felons. In so doing, we concluded "that our holding in [*United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010)] remains consistent with the Supreme Court's articulation of Second Amendment rights." *Duarte*, slip op. at 19. *Duarte* directly forecloses Nevarez's arguments. *See Vongxay*, 594 F.3d at 1118 ("In sum, we hold that § 922(g)(1) does not violate the Second Amendment as it applies to Vongxay, a convicted felon."). Accordingly, the district court did not err in denying Nevarez's Motion to Dismiss the Indictment.

3.      Nevarez finally argues that because the district court's oral and written pronouncements of his sentence are inconsistent, we should remand this case with instructions to conform the written judgment with the oral sentence. The Government agrees that a limited remand is warranted. Because the district court omitted the supervised-release condition that Nevarez "abstain from using alcohol" from its oral pronouncement, that condition must be stricken from Condition 3 of the district court's written judgment. *See United States v. Jones*, 696 F.3d 932, 938 (9th Cir. 2012) ("In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment . . . the oral pronouncement, as correctly reported, must control." (quoting *United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993))).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**