**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10128 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-01453-RM-DTF-1 |
| v. | |
| DONALD RAY BUMANN STRANGE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10234 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-01824-CKJ-EJM-1 |
| v. | |
| EDUARDO CAMPOS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted April 20, 2017
San Francisco, California

Before: REINHARDT and BERZON, Circuit Judges, and AMON,[**] District Judge.

We address in this memorandum disposition two unrelated cases presenting similar issues, argued together by the same lawyers. Defendant-Appellants Donald Ray Bumann Strange and Eduardo Campos ("Defendants") appeal the district courts' applications of the offense-level enhancement provided by U.S. Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") § 2L1.1(b)(6) in their respective cases.[1] They also challenge § 2L1.1(b)(6) as unconstitutionally vague. Campos further appeals the district court's imposition of a special assessment. We affirm on each issue with respect to each Defendant.

1. Both Defendants' vagueness challenges to U.S.S.G. § 2L1.1(b)(6) are precluded by the Supreme Court's recent decision in *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), which held that Guidelines provisions are not subject to void-for-vagueness challenges under the Due Process Clause.

---

[**] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

[1] All references to the Guidelines are to the 2015 edition, the operative edition at the time Defendants were sentenced. *See* 18 U.S.C. § 3553(a)(4)(A)(ii).

2

2.  We affirm the district court's application of U.S.S.G. § 2L1.1(b)(6) in each Defendant's case.

Section 2L1.1(b)(6) provides for an offense-level increase where the offense "involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person."[2]  Application Note 5 to § 2L1.1 further provides: "Reckless conduct to which the adjustment from subsection (b)(6) applies includes a wide variety of conduct (*e.g.*, transporting persons in the trunk or engine compartment of a motor vehicle . . .)."  "[T]he 'commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it is inconsistent with, or a plainly erroneous reading of, that guideline.'"  *United States v. Bernardo*, 818 F.3d 983, 985 (9th Cir. 2016) (ellipsis omitted) (quoting *United States v. Martin*, 796 F.3d 1101, 1108 (9th Cir. 2015)).

We review for clear error the district court's factual findings and for an abuse of discretion its application of the Guidelines to the facts.  *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

a.  The district court found that Strange transported two individuals in the trunk of a car in July in Arizona.  One of the individuals in Strange's trunk testified

_____

[2]No party disputes that U.S.S.G. § 2L1.1, which addresses offenses concerning "[s]muggling, [t]ransporting, or [h]arboring an [u]nlawful [a]lien," covers the Defendants' conduct.

that it was hot in the trunk, and the district court concluded there was no way for the passengers to communicate with Strange or to access the passenger compartment of the car. In light of these findings, which are not clearly erroneous, and Application Note 5, the district court did not abuse its discretion in applying the § 2L1.1(b)(6) enhancement to Strange. *See Bernardo*, 818 F.3d at 986–87 (deferring to Application Note 5 and upholding application of the § 2L1.1(b)(6) offense-level increase because the conduct at issue, transporting a person in a dashboard compartment, was "analogous to transporting persons in the trunk or engine compartment of a motor vehicle" (internal quotation marks and citation omitted)); *United States v. Dixon*, 201 F.3d 1223, 1233 (9th Cir. 2000).

b. Campos also transported two individuals in the trunk of a car. One of his concealed passengers stated that he could not communicate with Campos from within the trunk and at one point indicated that he feared asphyxiation. Although an escape lever and instructional diagram were present in the trunk, both individuals in the trunk testified that they were not aware of the lever, nor were they instructed on how to use it. Further, the district court found that Campos drove on the highway at a lawful but "high rate of speed" before reaching the checkpoint in Arizona where he was apprehended, a fact indicating that, even had Campos's passengers known about the escape lever, it would have been of limited

4

utility. The district court's factual determinations were not clearly erroneous, and the court did not abuse its discretion in applying the § 2L1.1(b)(6) enhancement under these circumstances. *See Bernardo*, 818 F.3d at 986; *United States v. Torres-Flores*, 502 F.3d 885, 890 n.8 (9th Cir. 2007); U.S.S.G. § 2L1.1 cmt. n.5.

3. We affirm the district court's imposition of a $5,000 special assessment on Campos pursuant to 18 U.S.C. § 3014(a).

The record indicates that, at the time of sentencing, Campos was employed full time, that he was welcome to continue living with his family, and that a monthly payment of $150 would not endanger Campos's ability to cover his existing expenses. Because Campos's capacity to work is relevant to whether he can comply with a three-year payment plan, the district court properly took into account that Campos was "able-bodied."

The district court did not clearly err in finding Campos able to pay the special assessment. *See United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009). Further, at the time of sentencing, imposition of an assessment of $5,000, payable in $150 installments starting 60 days after judgment, was reasonable in light of the language of the statute and Campos's circumstances. *See* 18 U.S.C. § 3014(a); *Orlando*, 553 F.3d at 1240.

Accordingly, we **AFFIRM** the judgments of the district courts in *United States v. Strange*, No. 16-10128, and *United States v. Campos*, 16-10234.