NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER JEORGE MILLICAN,

Defendant - Appellant.

No. 22-10336

D.C. No.
1:20-CR-00040-1-DAD-BAM-1

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted September 12, 2024
San Francisco, California

Before: BYBEE, BEA, and MENDOZA, Circuit Judges.

Christopher Millican appeals his conviction and 570-month sentence for

sexual exploitation of a minor and receipt of visual depictions of a minor engaged in

sexually explicit conduct.  We have jurisdiction to review Millican's conviction and

sentence pursuant to 28 U.S.C. § 1291.  For the following reasons, we affirm in part

and vacate and remand in part.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. Millican argues that his confession should have been suppressed because he did not receive an adequate *Miranda* warning and he invoked the right to counsel. He concedes that he did not object to introduction of his confession on these grounds at trial.

A motion to suppress evidence must be filed either before the deadline established by the district court or by the start of trial, whichever is first. Fed. R. Crim. P. 12(b)(3), (c)(1). A motion to suppress that is not filed by that deadline is untimely. Fed. R. Crim. P. 12(c)(3). A court may review an untimely motion only for good cause. *Id.* Millican has not offered any cause, much less good cause, for failing timely to raise this issue at the trial court. Therefore, Millican forfeited his *Miranda* claims. *See id.*

2. Millican argues that the district court erred by admitting data sent to law enforcement by Snapchat and Comcast without requiring the custodians of records to testify to the data in person. He contests two different sets of evidence: (1) the cyber tip from Snap, Inc. ("Snapchat"); and (2) the search warrant responses from Snapchat and Comcast Cable Communications, LLC ("Comcast").

The Confrontation Clause bars the introduction of testimonial hearsay against a criminal defendant unless the declarant is unavailable and the party against whom the statement is admitted had a prior opportunity to cross-examine the declarant. *See Lucero v. Holland*, 902 F.3d 979, 987 (9th Cir. 2018) (quoting *United States v.*

2

*Brooks*, 772 F.3d 1161, 1167 (9th Cir. 2014)).  As such, it applies only to statements that are both testimonial and hearsay. *See Smith v. Arizona*, 144 S. Ct. 1785, 1792 (2024); *Crawford v. Washington*, 541 U.S. 36, 51–52 (2004).

Because Millican did not object to the introduction of these statements at the district court, we review for plain error.  *See United States v. Olano*, 507 U.S. 725, 731–32 (1993).

First, the United States never moved to introduce the cyber tip submitted by Snapchat into evidence.  Instead, it relied on the cyber tip to show its effect on Detective Raymond Dias's investigation. *See United States v. Lopez*, 913 F.3d 807, 826 (9th Cir. 2019) (citing *United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991)) (acknowledging that statements offered to show their effect on the listener are not hearsay).  Since the cyber tip was offered for its effect on the listener, and not for the truth of the matter asserted, it was not hearsay and did not offend the Confrontation Clause.  *See Lucero*, 902 F.3d at 987 (quoting *Brooks*, 772 F.3d at 1167).

Second, the data produced by Snapchat and Comcast were hearsay-excepted business records kept in the ordinary course of business.  A statement is testimonial if its primary purpose "is for use as evidence at a future criminal trial." *United States v. Fryberg*, 854 F.3d 1126, 1135–36 (9th Cir. 2017) (internal quotation marks omitted) (quoting *United States v. Morales*, 720 F.3d 1194, 1200 (9th Cir. 2013)).

The creation and preservation of records of messages and images sent between accounts by Snapchat, as well as IP address information by Comcast, was not done for the primary purpose of being used in a later criminal prosecution. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009). That business records were later delivered to law enforcement in response to a search warrant does not change the primary purpose for which they were created. *See Fryberg*, 854 F.3d at 1135–36. As such, the records submitted by Snapchat and Comcast in response to the search warrant were not testimonial, and their introduction into evidence does not violate the Confrontation Clause.

3. Millican argues that the district court erred by admitting evidence that he unsuccessfully tried to meet a minor in Florida because this evidence possessed a danger of unfair prejudice that substantially outweighed its probative value. Because Millican did not object to this issue during trial, and did not receive a definitive ruling on his objection before trial, we review for plain error. *See Olano*, 507 U.S. at 731–32.

A "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R. Evid. 403. This remedy is to be used "sparingly," and we afford "great deference" to the district court's decision. *United States v. Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015) (internal citations and quotations omitted). Here, the evidence of this potential meet

4

up was probative to show that Millican was attracted to minors and to counter his defense that his confession was coached. Meanwhile, given the egregious conduct in this case, this evidence was not likely to encourage the jury to make a decision based on emotion rather than fact. *See id.* (quoting *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013)). As such, the danger of unfair prejudice did not substantially outweigh the evidence's probative value, and the district court did not err in admitting it at trial.

4. Millican challenges both the procedural and substantive reasonableness of his 570-month sentence. Procedurally, he avers that the district court failed to acknowledge and address his objection to consecutive sentences. Substantively, he argues that his lengthy sentence for a no-contact crime creates an unwarranted disparity between him and similar offenders convicted of similar offenses.

The parties agree that we review Millican's substantive claim for abuse of discretion, but they disagree about the standard to be applied to his procedural claim. Because we conclude that Millican preserved his objection, we apply abuse of discretion to it as well.

First, as to procedural reasonableness, when a criminal defendant offers a non-frivolous argument related to the factors set out in 18 U.S.C. § 3553(a), "the [district] judge should normally explain why he accepts or rejects the party's position." *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (citing *Rita v. United*

5

*States*, 551 U.S. 338, 356 (2007)); *see* 18 U.S.C. § 3553(c). Both before and at sentencing, Millican objected to the imposition of consecutive sentences. The district judge addressed that argument when he discussed the heinous and egregious nature of the crime and the need to protect the community from future conduct of the defendant. Additionally, immediately after announcing the sentence, the district judge offered a detailed response as to why he believed a consecutive sentence was warranted. Thus, Millican was entitled to, and did, have his objections heard and considered. His sentence is not procedurally unreasonable.

Second, as to substantive reasonableness, the district court imposed a sentence below the range suggested by the United States Sentencing Guidelines, which would have been life incarceration, but was reduced to 600 months based on the statutory maximum. A primary purpose for the non-binding Sentencing Guidelines is to promote consistency in sentences for similar offenses and similar offenders. *See United States v. Green*, 592 F.3d 1057, 1072 (9th Cir. 2010) (citing *United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007)). As such, any discrepancy here benefited Millican. Furthermore, the need to prevent unwarranted sentence discrepancies is only one factor set out in 18 U.S.C. § 3553(a). The district court acted within its discretion by assigning more weight to other factors, such as the need to protect the community and provide just punishment for this egregious offense. *See* 18 U.S.C. § 3553(a); *United States v. Marcial-Santiago*, 447 F.3d 715,

6

719 (9th Cir. 2006) ("[T]he need to avoid unwarranted sentencing disparities is only one factor a district court is to consider in imposing a sentence."). Therefore, the sentence was not substantively unreasonable.

5. The Justice for Victims of Trafficking Act, 18 U.S.C. § 3014 ("JVTA") mandates a special assessment "of $5,000 on any non-indigent person . . . convicted of," *inter alia*, sexual exploitation of a minor or receipt of child pornography. 18 U.S.C. § 3014(a)(3). The special assessment is imposed for each count of conviction, not a single assessment per offender. *See United States v. Randall*, 34 F.4th 867, 877 (9th Cir. 2022). The determination of whether an offender is indigent depends both on the defendant's current financial situation as well as their future earning capacity. *See United States v. Strange*, 692 F. App'x 346, 349 (9th Cir. 2017). Lastly, where an oral and written judgment sentencing a criminal defendant are inconsistent, the oral pronouncement controls. *See United States v. Jones*, 696 F.3d 932, 938 (9th Cir. 2012) (quoting *United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993)). An inconsistency requires that the written judgment be vacated and remanded to conform to the verbal sentence. *United States v. Holden*, 908 F.3d 395, 404 (9th Cir. 2018) (citing *Jones*, 696 F.3d at 938).

We review the imposition of two JVTA special assessments for plain error, *United States v. Kirilyuk*, 29 F.4th 1128, 1140 (9th Cir. 2022), the finding of non-indigency for clear error, *United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir.

2009), and the alleged defect in the written judgment for abuse of discretion, *Holden*, 908 F.3d at 403.

The district court properly imposed two separate $5,000 JVTA special assessments, one for each count of conviction, totaling $10,000. *See Randall*, 34 F.4th at 877. Similarly, the district court did not commit clear error by concluding that Millican was not indigent because he possesses vocational skills and has a history of employment. *See Strange*, 692 F. App'x at 349.

Nevertheless, because the district judge indicated at sentencing that the special assessment payments were to "begin immediately" rather than be "due immediately" as described in the written judgment, a limited remand is necessary. *See Holden*, 908 F.3d at 403; *Jones*, 696 F.3d at 938. Accordingly, we vacate the JVTA payment schedule and remand for the narrow purpose of amending the written judgment to correspond with the oral pronouncement at sentencing.

**AFFIRMED in part; VACATED and REMANDED in part**.